1   Toby J. Marshall, WSBA #32726
    Blythe H. Chandler, WSBA #43387
2   Attorneys for Plaintiff
    TERRELL MARSHALL LAW GROUP PLLC
3   936 North 34th Street, Suite 300
    Seattle, Washington 98103
4   Telephone: (206) 816-6603
    Facsimile: (206) 319-5450
5   Email: tmarshall@terrellmarshall.com
    Email: bchandler@terrellmarshall.com
6
    Attorneys for Plaintiffs
7
    *Additional Counsel Appear on Signature Page to Plaintiffs' Motion*
8
9                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON

10  COMMUNITY ASSOCIATION FOR
    RESTORATION OF THE                      Case No. 1:19-cv-03110-TOR
11  ENVIRONMENT, INC., a Washington
    non-profit corporation; FRIENDS OF      **DECLARATION OF TOBY J.**
12  TOPPENISH CREEK, a Washington           **MARSHALL IN SUPPORT OF**
    nonprofit corporation; *and* CENTER FOR **PLAINTIFFS' MOTION FOR**
13  FOOD SAFETY, a Washington, D.C.         **ATTORNEYS' FEES AND**
    nonprofit corporation,                  **COSTS AWARD**
14
                    Plaintiffs,
15
16          v.

17  AUSTIN JACK DECOSTER, an
    individual, DECOSTER ENTERPRISES,
18  LLC, a Delaware limited liability
    company, AGRICULTURAL
19  INVESTMENT-FUND II, LLC, a
    Delaware limited liability company,
20  IDAHO AGRI INVESTMENTS, LLC, an
    Idaho limited liability company, IDAHO

21  DECLARATION OF TOBY J. MARSHALL IN
    SUPPORT OF PLAINTIFFS' MOTION FOR
    ATTORNEYS' FEES AND COSTS AWARD - 1
    Case No. 1:19-cv-03110-TOR

DAIRY HOLDINGS, LLC, an Idaho
limited liability company, DRY CREEK
DAIRIES, LLC, an Idaho limited liability
company, WASHINGTON AGRI
INVESTMENTS, LLC, a Washington
limited liability company,
WASHINGTON DAIRY HOLDINGS,
LLC, a Washington limited liability
company, DBD WASHINGTON, LLC, a
Washington limited liability company;
and SMD, LLC, a Washington limited
liability company,

Defendants.

I, Toby J. Marshall, declare as follows:

**A.      Background and experience.**

1.      I am a member of the law firm of Terrell Marshall Law Group PLLC

(Terrell Marshall), counsel of record for plaintiffs in this matter. I am admitted to

practice before this Court and am a member in good standing of the bar of the state

of Washington. I respectfully submit this declaration in support of Plaintiffs'

motion for an award of attorneys' fees and costs. Except as otherwise noted, I have

personal knowledge of the facts set forth in this declaration and could testify

competently to them if called upon to do so.

2.      Terrell Marshall is a law firm in Seattle, Washington, that focuses on

complex civil and commercial litigation with an emphasis on consumer protection,

product defect, civil rights, and wage and hour cases. Terrell Marshall has been

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS AWARD - 2
Case No. 1:19-cv-03110-TOR

appointed lead or co-lead counsel representing multi-state and nationwide classes in state and federal court in Washington and throughout the United States. Since its founding in 2008, the attorneys at Terrell Marshall have represented scores of classes, tried class actions in state and federal court, and obtained hundreds of millions of dollars in monetary relief to workers, consumers, and other individuals.

3. I am a founding member of Terrell Marshall. I have served as co-lead counsel in numerous class and collective actions and have tried and won individual and class cases in state and federal court. I have also argued several times before the Washington Supreme Court, the Washington Court of Appeals, and the Ninth Circuit Court of Appeals. In 2002, I received my J.D. from the University of Washington School of Law, where I served on the Moot Court Honor Board and was selected to the Order of Barristers. Before forming Terrell Marshall, I was a member of Tousley Brain Stephens PLLC. I regularly speak at seminars on employment and class action issues. I am a member of the Washington Employment Lawyers Association and serve on WELA's amicus and legislative committees. I have been named several times to the Washington Super Lawyers list. I am a Fellow of the American Bar Foundation.

**B.    Qualifications of other Terrell Marshall attorneys.**

4. Amanda M. Steiner became a member of Terrell Marshall in 2015. She practices complex litigation, including the prosecution of consumer, defective

product, wage and hour, and civil rights class actions. Ms. Steiner received her J.D.

from the UC Berkeley School of Law in 1997. Admitted in Washington,

California, New York, and Hawaii, she has authored briefs that have resulted in

numerous favorable decisions for plaintiffs in high-profile and complex securities,

antitrust, consumer and civil rights class action in federal and state courts

throughout the United States. Ms. Steiner was selected for inclusion in the annual

Northern California "Super Lawyers" list and was named to the Top 50 Women

Lawyers of Northern California. She is a Fellow of the American Bar Foundation.

5.      Blythe H. Chandler joined Terrell Marshall in 2014 and became a

member in 2018. Ms. Chandler practices complex litigation with a focus on

prosecution of consumer class actions. She has been appointed class counsel in

cases challenging a wide range of unfair or deceptive practices, including debt

collection practices. In 2010, she received her J.D. from the University of

Washington School of Law with high honors, Order of the Coif. Ms. Chandler

served as Chief Articles Editor for the Washington Law Review. Before joining

Terrell Marshall, Ms. Chandler served as a law clerk to the Honorable Betty B.

Fletcher, Senior United States Circuit Judge for the Ninth Circuit Court of

Appeals, and to the Honorable John C. Coughenour, Senior United States District

Judge for the Western District of Washington. Ms. Chandler co-authored chapters

of the Consumer Protection Deskbook published by the Washington State

1   Association for Justice (WSAJ) and has spoken on topics including certification of

2   consumer claims, and Article II standing, use of experts, and personal jurisdiction

3   in class actions. Ms. Chandler is a member of the board of directors of the Public

4   Justice Foundation, a member of the Washington Employment Lawyers

5   Association (WELA) Amicus Committee and currently co-chairs WSAJ's

6   Consumer Protection Section. She was named to the 2020 Rising Star List by

7   Washington Super Lawyers.

8        6.    Eden Nordby joined Terrell Marshall as an associate in 2021. Ms.

9   Nordby concentrates her practice on complex civil litigation, including consumer

10   protection, and wage and hour class actions. Ms. Nordby also litigates commercial

11   disputes and matters involving trusts and estates. Ms. Nordby received her J.D.

12   from the University of Washington in 2021. During law school Ms. Nordby served

13   as Executive Managing Editor of the Washington Journal of Environmental Law

14   and Policy. She received the WSBA Labor & Employment Section 2019 Summer

15   Grant for her public service work and commitment to labor and employment

16   issues. Ms. Nordby is trained as a mediator and has successfully mediated a

17   number of individual civil matters through the UW School of Law Mediation

18   Clinic. Before joining the firm as an attorney, Ms. Nordby was a senior paralegal at

19   Terrell Marshall from the time the firmed opened in 2008 until starting law school

20   in 2018.

21   DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS AWARD - 5
Case No. 1:19-cv-03110-TOR

**C.    Other cases litigated by Terrell Marshall.**

7.    Examples of environmental, worker, and consumer protection cases that Terrell Marshall is litigating or has litigated to successful completion include:

a. *Lummi Nation v. Cooke Aquaculture Pacific*, *LLC* —Filed in 2020 on behalf of the Lummi Nation asserting claims for negligence, nuisance, and unjust enrichment brought based on the collapse of Cooke Aquaculture's Atlantic salmon net pen farm off the coast of Cypress Island in the Salish Sea. The Tribe alleged that Cooke's release of hundreds of thousands of non-native fish into the waters of the Tribe's usual and accustomed fishing grounds interfered with treaty fishing rights. After a 10-day trial, the jury awarded $595,000 in damages. I was co-lead trial counsel and Ms. Chandler was trial counsel.

b. *Kupale O'okala, Inc. v. Big Island Dairy, LLC* — Filed in 2017 on behalf of the Center for Food Safety, Inc. and a nonprofit organization of concerned citizens who reside within the O'okala area on the Big Island of Hawaii and were affected by the dairy's allegedly improper manure management and operational practices. The District Court for the District of Hawaii approved a consent decree governing the dairy's cessation of operations and payment of civil penalties in March 2019.

c. *Hanford Challenge et al. v. U.S. Dep't of Energy, et al.*— Filed in 2015 on behalf of workers at the Hanford nuclear site endangered or injured by toxic vapors escaping underground tanks storing millions of gallons of nuclear waste. The Eastern District of Washington approved an administrative stay of the case in October 2018 based on a public settlement requiring the government and its contractors to take numerous steps to improve worker safety at the site, including provision of appropriate personal protective equipment.

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS AWARD - 6
Case No. 1:19-cv-03110-TOR

d. *Jordan v. Nationstar Mortgage, LLC*—Filed in 2012 on behalf of Washington homeowners who were improperly locked out of their homes by their mortgage lender. The Eastern District of Washington granted final approval of a $17 million settlement on May 2, 2019.

e. *Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC, et al.*—Three cases filed in 2013 on behalf Yakima Valley residents impacted by three mega-dairies' improper manure management and operational practices. The case was the first in the country to find agricultural waste from industrial farming is solid waste under the Resource Conservation and Recovery Act. The Eastern District of Washington approved a consent decree requiring the dairies to change operations, including by lining manure lagoons and reducing applications of manure to fields in May 2015. The Court found one dairy failed to comply in April 2020 and applied appropriate sanctions.

8.     Additional information about class actions litigated by Terrell Marshall is available on our website www.terrellmarshall.com.

**D.     The prosecution of this action.**

9.     Terrell Marshall has advanced costs for and invested numerous hours into the investigation and prosecution of this case.

10.     Since the beginning of this case, Terrell Marshall has worked with no guarantee of being compensated for its time and efforts. Payment of Terrell Marshall's fees has always been contingent on successfully obtaining relief for the plaintiffs. As a result, there was a substantial risk of non-payment, particularly in light of the challenges inherent in this type of case. Work on this case has

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS AWARD - 7
Case No. 1:19-cv-03110-TOR

necessarily been to the exclusion of work on other matters that likely would have generated fees. Terrell Marshall has also been denied use of the fees it earned over the course of this case.

11.    Ms. Steiner assisted with briefing on the shell LLCs set up to try to protect Mr. DeCoster. Her legal briefing contributed to the Court's finding personal jurisdiction over DeCoster Enterprises and Jack DeCoster. ECF No. 134 at 10-16.

12.    The work performed by paralegals and legal assistants was work that I or an attorney would have had to perform absent such assistance. In the case of Jessica Langsted, the work required an understanding of the facts and claims at issue in the case and her research was important to the development of facts and claims relating to various entities' alleged liability for the conduct at issue in this case. The work of Bradford Kinsey required an understanding of this Court's procedural rules and filing requirements. These staff members are qualified to perform substantive legal work based on their training and past experience working for attorneys.

13.    Terrell Marshall's attorneys and staff have expended 160.5 hours on this case, resulting in a lodestar of $80,280.10. I have removed from our time records all entries that are arguably non-legal administrative work.

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS AWARD - 8
Case No. 1:19-cv-03110-TOR

14.     The following table identifies the attorneys and staff members from Terrell Marshall who worked on this case and for whom the recovery of fees is sought. For each of the timekeepers below I have stated the hourly rate we are requesting, the number of hours worked through September 1, 2023, and the total amount of fees. The detailed daily time reports prepared and maintained by Terrell Marshall in the regular course of business that document the work done by each timekeeper are attached hereto as Exhibit 1.

| NAME AND POSITION | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|
| Toby J. Marshall<br>Founding Member<br>J.D. from Univ. of Washington School of Law, 2002 | $590 | 5.8 | $3,422.00 |
| Amanda Steiner<br>Member<br>J.D. from UC Berkeley School of Law, 1997 | $590 | 112 | $66,080.00 |
| Blythe D. Chandler<br>Member<br>J.D. from Univ. of Washington School of Law, 2010 | $512 | 5.3 | $2,713.60 |
| Eden Nordby<br>Associate<br>J.D. from Univ. of Washington School of Law, 2021 | $280 | 19.4 | $5,432 |
| Jessica Langsted<br>Paralegal with<br>6 years legal experience | $150 | 15.3 | $2,295 |
| Bradford Kinsey<br>Legal secretary with more than 20 years legal experiences | $125 | 2.7 | $337.50 |

DECLARATION OF TOBY J. MARSHALL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AWARD - 9
Case No. 1:19-cv-03110-TOR

15.     Terrell Marshall's lodestar calculations are based on reasonable hourly rates that are below Terrell Marshall's standard hourly rates. Terrell Marshall sets rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members.

16.     Terrell Marshall's attorneys regularly charge and are regularly awarded higher rates than those sought here. Attached as Exhibit 2 are exemplar orders approving rates for myself, Ms. Steiner, and Ms. Chandler that are higher than the rates requested here. For example, in 2019, Judge Mendoza entered an order finding my standard rate of $525 per hour reasonable, and also approved my rate of $475 per hour for work done from 2016-2018. *See* Final Approval Order (ECF No. 108) ¶¶ 13-16 in *Carranza v. Dovex Fruit Co.*, No. 16-cv-00054-SMJ (E.D. Wash. Aug. 22, 2019); *see also* Final Approval Order (ECF No. 187) ¶ 25 in *Valencia v. HomeDeliveryLink Inc.*, No. 4:18-cv-05034-SJM (E.D. Wash. Feb. 19, 2021) (approving my rate of $525 per hour for work done in 2019 and 2020 and my rate of $475 per hour for earlier work). Similarly, in 2021, the Western District of Washington granted final approval of a class action settlement and calculated fees using the lodestar method and found Terrell Marshall's requested hourly rates

were reasonable. *See* Final Approval Order (ECF No. 134) ¶ 16 in *Jammeh v. HNN Associates*, No. 2:19-cv-00620-JLR (W.D. Wash. June 9, 2021). The rates approved were $500 per hour for Amanda Steiner, $425 per hour for Blythe Chandler, $150 per hour for Jessica Langsted, and $125 per hour for Bradford Kinsey. *See* Chandler Declaration in *Jammeh* (ECF No. 122) ¶ 19 (table reflecting the rates the Court found reasonable).

17.    Terrell Marshall has incurred out-of-pocket litigation expenses totaling $15,815.57, primarily to cover expenses related to Plaintiffs' expert witness, but also including filing fees, legal research fees, and administrative costs such as copying, mailing, and messenger expenses. The expense report reflecting Terrell Marshall's out-of-pocket litigation expenses is attached hereto as <u>Exhibit 3.</u>

18.    I am not aware of any law firms located in the Eastern District of Washington who have taken on, or would be willing to take on, environmental protection claims against CAFOs without working with Tebbutt Law.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

EXECUTED this 15th day of September, 2023 at Seattle, Washington.

By:    /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS AWARD - 11
Case No. 1:19-cv-03110-TOR

## __CERTIFICATE OF SERVICE__

I hereby certify that on September 15, 2023, I electronically filed the foregoing document, together with the exhibits thereto, on the Court's CM/ECF filing system, which will automatically serve the following counsel of record:

| | |
|---|---|
| Gary H. Baise | gbaise@ofwlaw.com |
| Jay Carroll | jcarroll@hnw.law |
| Amy van Saun | avansaun@centerforfoodsafety.org |
| Toby Marshall | tmarshall@terrellmarshall.com |
| Blythe H. Chandler | bchandler@terrellmarshall.com |
| Andrea K. Rodgers | andrearodgers42@gmail.com |
| Daniel C. Snyder | dsnyder@publicjustice.net |

/s/ Jonathan D. Frohnmayer
Jonathan D. Frohnmayer
Law Offices of Charles M. Tebbutt

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS AWARD - 12
Case No. 1:19-cv-03110-TOR

# Exhibit 1 – Terrell Marshall Fees

| | | Terrell Marshall Law Group PLLC | | | | |
|---|---|---|---|---|---|---|
| | | *CARE v. DeRuyter Brothers Dairy -EDWA- TOR* | | | | |
| | | Matter 2254-001 | | | | |
| | | | | | | |
| **Date** | **Initials** | **Narrative** | | **Units** | **Rate** | **Value** |
| | | | | | | |
| 1/6/2021 | AMS | Research re RCRA liability [3.8]. | | 3.8 | $ 590.00 | $  2,242.00 |
| 1/8/2021 | AMS | Research re RCRA liability [3.5]. | | 3.5 | $ 590.00 | $  2,065.00 |
| 1/11/2021 | AMS | Research re RCRA liability [3.3]. | | 3.3 | $ 590.00 | $  1,947.00 |
| 1/12/2021 | AMS | Telephone conference with Mr. Tebbutt [0.3]; research re RCRA liability [6.8]. | | 7.1 | $ 590.00 | $  4,189.00 |
| 1/14/2021 | AMS | Research re RCRA liability [5.2]. | | 5.2 | $ 590.00 | $  3,068.00 |
| 1/15/2021 | AMS | Research re RCRA liability for DeCoster [7.6]. | | 7.6 | $ 590.00 | $  4,484.00 |
| 1/20/2021 | AMS | Research regarding adding parties and RCRA liability [6.5]. | | 6.5 | $ 590.00 | $  3,835.00 |
| 2/18/2021 | AMS | Email with Mr. Tebbutt regarding research [0.1]. | | 0.1 | $ 590.00 | $      59.00 |
| 3/1/2021 | AMS | Worked on research regarding RCRA liability, related strategy conference [1.2]. | | 1.2 | $ 590.00 | $     708.00 |
| 3/2/2021 | AMS | Researched RCRA liability [5.2]. | | 5.2 | $ 590.00 | $  3,068.00 |
| 3/9/2021 | AMS | Worked on memorandum regarding DeCoster liability, related research [3.4]. | | 3.4 | $ 590.00 | $  2,006.00 |
| 3/10/2021 | AMS | Telephone conference with Mr. Tebbutt regarding case status and DeCoster liability [.5]; worked on memo regarding DeCoster liability, related research [7.5]. | | 8 | $ 590.00 | $  4,720.00 |
| 3/11/2021 | AMS | Email with Mr. Tebbutt regarding closure of dairies [.2]; worked on memo regarding DeCoster liability, related research [5.9]. | | 6.1 | $ 590.00 | $  3,599.00 |
| 3/12/2021 | AMS | Worked on memo regarding DeCoster liability, related research [4.5]. | | 4.5 | $ 590.00 | $  2,655.00 |
| 3/15/2021 | AMS | Worked on memo re DeCoster liability, related research [8.2]. | | 8.2 | $ 590.00 | $  4,838.00 |
| 3/16/2021 | AMS | Worked on memo regarding DeCoster liability, related research [5.5]. | | 5.5 | $ 590.00 | $  3,245.00 |
| 4/4/2023 | AMS | Worked on motions to exclude expert testimony [0.5]. | | 0.5 | $ 590.00 | $     295.00 |
| 4/6/2023 | AMS | Researched expert admissibility standards [2.5]; reviewed expert reports and related motions [2.0]. | | 4.5 | $ 590.00 | $  2,655.00 |

| Date | Initials | Narrative | Units | Rate | Value | |
|---|---|---|---|---|---|---|
| 4/7/2023 | AMS | Reviewed pleadings, orders, and expert reports, worked on motions to exclude, related research [5.5]. | 5.5 | $ 590.00 | $ 3,245.00 | |
| 4/12/2023 | AMS | Worked on motions to exclude experts, reviewed briefing from Cow Palace, related research [4.5]; email with Mr. Snyder [0.2]. | 4.7 | $ 590.00 | $ 2,773.00 | |
| 4/13/2023 | AMS | Worked on motions to exclude experts, related research [6.5]; email with Mr. Snyder [0.2]. | 6.7 | $ 590.00 | $ 3,953.00 | |
| 4/14/2023 | AMS | Worked on motions to exclude experts, related research [7.3]. | 7.3 | $ 590.00 | $ 4,307.00 | |
| 4/17/2023 | AMS | Worked on motions to exclude experts, related research [1.2]. | 1.2 | $ 590.00 | $ 708.00 | |
| 4/18/2023 | AMS | Worked on motions to exclude expert testimony, related research [2.2]; email to Mr. Snyder [0.2]. | 2.4 | $ 590.00 | $ 1,416.00 | |
| | | | 112 | | $ 66,080.00 | |
| | | | | | | |
| 2/6/2019 | BHC | Reviewed notice letter from co-counsel [.3]; new matter and conflict check [.3]. | 0.6 | $ 512.00 | $ 307.20 | |
| 2/19/2019 | BHC | Telephone conference regarding response to email from Yakima Valley Conference of Governments [.8]. Organized case correspondence and reviewed notice of intent documents [.7]. | 1.5 | $ 512.00 | $ 768.00 | |
| 5/23/2019 | BHC | Reviewed complaint and related documents in advance of filing [.2]. | 0.2 | $ 512.00 | $ 102.40 | |
| 8/26/2019 | BHC | Reviewed final drafts of motion to dismiss response and approved same for filing [.3] | 0.3 | $ 512.00 | $ 153.60 | |
| 9/6/2019 | BHC | Reviewed response from Defendants' to Plaintiffs' settlement proposal [.2]. | 0.2 | $ 512.00 | $ 102.40 | |
| 9/10/2019 | BHC | Reviewed motion to strike reply argument; exchanged emails with co-counsel regarding same [.3]. | 0.3 | $ 512.00 | $ 153.60 | |
| 9/25/2019 | BHC | Worked on reply in support of motion to strike [.2]. | 0.2 | $ 512.00 | $ 102.40 | |
| 3/11/2021 | BHC | Reviewed message from co-counsel regarding case status [.2]. | 0.2 | $ 512.00 | $ 102.40 | |
| 4/28/2021 | BHC | Telephone call with co-counsel regarding ██████████ [.1]. | 0.1 | $ 512.00 | $ 51.20 | |
| 4/3/2023 | BHC | Telephone conference with Mr. Tebbutt regarding Daubert motions; follow up email to co-counsel regarding same [.2]. | 0.2 | $ 512.00 | $ 102.40 | |
| 4/19/2023 | BHC | Email to co-counsel regarding proposed consent decree [.1]. | 0.1 | $ 512.00 | $ 51.20 | |

| Date | Initials | Narrative | Units | Rate | Value | |
|------|----------|-----------|-------|------|-------|---|
| 8/29/2023 | BHC | Reviewed time records in preparation for drafting fee declaration [.3]; telephone call with Mr. Tebbutt regarding fee declaration [.1]; reviewed correspondence relating to same [.2]. | 0.6 | $ 512.00 | $ 307.20 | |
| 8/31/2023 | BHC | Telephone call from Mr. Marshall regarding fee declaration [.1]. Worked on declaration in support of fee request [.7]. | 0.8 | $ 512.00 | $ 409.60 | |
| | | | **5.3** | | **$ 2,713.60** | |
| | | | | | | |
| 8/14/2019 | BKK | Reviewed Jeff Kray notice of appearance [.1]; amended master caption [.1]. | 0.2 | $ 125.00 | $ 25.00 | |
| 9/19/2019 | BKK | Reviewed Amy Van Saun, Parker Jones and Daniel Snyder's pro hac vice applications and subsequent orders [2.]; amended master caption [.1]. | 2.1 | $ 125.00 | $ 262.50 | |
| 10/3/2019 | BKK | Reviewed Kent Krabil, Jeremy Fielding and Russell Herman notices of withdrawal [.1]; amended master caption [.1]. | 0.2 | $ 125.00 | $ 25.00 | |
| 12/3/2019 | BKK | Reviewed Jennifer Hammitt notice of appearance [.1]; amended master caption [.1]. | 0.2 | $ 125.00 | $ 25.00 | |
| | | | **2.7** | | **$ 337.50** | |
| | | | | | | |
| 2/25/2021 | EBN | Reviewed complaint and notes regarding legal research on RCRA and piercing corporate veil; telephone conference regarding same. | 0.5 | $ 280.00 | $ 140.00 | |
| 2/26/2021 | EBN | Worked on legal research regarding parent company liability under RCRA. | 6.5 | $ 280.00 | $ 1,820.00 | |
| 3/1/2021 | EBN | Worked on legal research regarding parent company liability under RCRA. | 4 | $ 280.00 | $ 1,120.00 | |
| 3/2/2021 | EBN | Worked on legal research regarding owner and parent company liability under RCRA. | 2.7 | $ 280.00 | $ 756.00 | |
| 3/5/2021 | EBN | Worked on research memorandum regarding RCRA liability. | 4.7 | $ 280.00 | $ 1,316.00 | |
| 3/8/2021 | EBN | Worked on summary of legal research regarding parent company liability under RCRA. | 1 | $ 280.00 | $ 280.00 | |
| | | | **19.4** | | **$ 5,432.00** | |
| | | | | | | |
| 4/14/2020 | JAL | Worked on entity research [1.1]. | 1.1 | $ 150.00 | $ 165.00 | |
| 4/20/2020 | JAL | Worked on entity investigation [4.8]. | 4.8 | $ 150.00 | $ 720.00 | |

| Date | Initials | Narrative | Units | Rate | Value | |
|---|---|---|---|---|---|---|
| 4/21/2020 | JAL | Worked on entity investigation [1.4]. | 1.4 | $ 150.00 | $ 210.00 | |
| 4/22/2020 | JAL | Worked on research [2.2]. | 2.2 | $ 150.00 | $ 330.00 | |
| 4/23/2020 | JAL | Worked on investigation [2.1]. | 2.1 | $ 150.00 | $ 315.00 | |
| 4/24/2020 | JAL | Worked on sending ShareFile link [0.3]; worked on investigation [0.2]. | 0.5 | $ 150.00 | $ 75.00 | |
| 4/27/2020 | JAL | Worked on investigation [3.1]. | 3.1 | $ 150.00 | $ 465.00 | |
| 4/28/2020 | JAL | Worked on sending ShareFile link [0.1]. | 0.1 | $ 150.00 | $ 15.00 | |
| | | | 15.3 | | $ 2,295.00 | |
| | | | | | | |
| 2/19/2019 | TJM | Telephone conference with co-counsel and client regarding case strategy issues and response to inquiry from Yakima Valley Conference of Governments [.7]; analyzed issues regarding same [.1]. | 0.8 | $ 590.00 | $ 472.00 | |
| 5/6/2019 | TJM | Worked on draft joint prosecution and retainer agreements and analyzed issues regarding same [.3]. | 0.3 | $ 590.00 | $ 177.00 | |
| 5/23/2019 | TJM | Analyzed issues regarding filing of complaint [.2]. | 0.2 | $ 590.00 | $ 118.00 | |
| 8/23/2019 | TJM | Worked on case management issues [.1]. | 0.1 | $ 590.00 | $ 59.00 | |
| 10/24/2019 | TJM | Reviewed order on motion to dismiss and analyzed issues regarding same [.2]. | 0.2 | $ 590.00 | $ 118.00 | |
| 3/23/2020 | TJM | Telephone call from co-counsel regarding factual background investigation [.4]. | 0.4 | $ 590.00 | $ 236.00 | |
| 4/14/2020 | TJM | Worked on factual background development [.4]. | 0.4 | $ 590.00 | $ 236.00 | |
| 4/24/2020 | TJM | Worked on factual background issues [.1]. | 0.1 | $ 590.00 | $ 59.00 | |
| 7/6/2020 | TJM | Analyzed issues regarding expert work for site inspection [.3]. | 0.3 | $ 590.00 | $ 177.00 | |
| 8/5/2020 | TJM | Reviewed draft letter to client regarding status and analyzed issues regarding same [.1]. | 0.1 | $ 590.00 | $ 59.00 | |
| 8/14/2020 | TJM | Telephone conference and email correspondence with co-counsel regarding client concerns [.1]; analyzed issues regarding same [.1]. | 0.2 | $ 590.00 | $ 118.00 | |
| 12/10/2020 | TJM | Exchanged messages with co-counsel regarding case strategy issues [.1]. | 0.1 | $ 590.00 | $ 59.00 | |
| 12/11/2020 | TJM | Telephone call from co-counsel regarding factual background issues and research needed for same [.5]. | 0.5 | $ 590.00 | $ 295.00 | |
| 4/28/2021 | TJM | Analyzed issues regarding ██████████ [.1]. | 0.1 | $ 590.00 | $ 59.00 | |

| Date | Initials | Narrative | Units | Rate | Value | |
|---|---|---|---|---|---|---|
| 2/3/2022 | TJM | Attended telephonic hearing on motions to dismiss [.7]; telephone conference with co-counsel regarding same [.2]. | 0.9 | $ 590.00 | $    531.00 | |
| 2/7/2022 | TJM | Reviewed order denying motions to dismiss and analyzed issues regarding same [.2]. | 0.2 | $ 590.00 | $    118.00 | |
| 1/13/2023 | TJM | Reviewed pro hac vice application of Mr. Frohnmayer and analyzed issues regarding same [.1]. | 0.1 | $ 590.00 | $    59.00 | |
| 3/24/2023 | TJM | Telephone conference with co-counsel regarding case strategy issues [.4]. | 0.4 | $ 590.00 | $    236.00 | |
| 3/28/2023 | TJM | Analyzed issues regarding Daubert motions [.2]. | 0.2 | $ 590.00 | $    118.00 | |
| 3/29/2023 | TJM | Worked on plans for preparing Daubert motions [.2]. | 0.2 | $ 590.00 | $    118.00 | |
| | | | 5.8 | | $  3,422.00 | |
| | | | | | | |
| | | Total | 160.5 | | $ 80,280.10 | |

# Exhibit 2 – Prior Fee Award

1

2

3

4

5

6

7

8

9

10

11

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIANO CARRANZA, individually
and on behalf of all others similarly
situated; and ELISEO MARTINEZ,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

DOVEX FRUIT COMPANY,

Defendant.

No.   2:16-cv-00054-SMJ

**FINAL APPROVAL OF CLASS
SETTLEMENT**

12      Before the Court is Plaintiffs' unopposed Motion for Final Approval of Class

13   Action Settlement, ECF No. 98. The parties have agreed to settle this action on the

14   terms and conditions set forth in the Class Action Settlement Agreement and

15   Release (the "Settlement Agreement"). ECF No. 93 at 17–35. On April 10, 2019,

16   the Court entered a Preliminary Approval of Class Settlement (the "Preliminary

17   Approval Order"). ECF No. 94. Individual notice complying with Federal Rule of

18   Civil Procedure 23 was sent to the last known address of each member of the Class,

19   and supplemental notice procedures outlined in the Settlement Agreement and

20   approved by the Preliminary Approval Order have been completed. On August 22,

FINAL APPROVAL OF CLASS SETTLEMENT 1

2019, the Court held a fairness hearing on final approval of the class settlement. Being fully advised, the Court finds good cause exists for entry of the order below.

Accordingly, **IT IS HEREBY ORDERED**:

**1.**   Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement, **ECF No. 98**, is **GRANTED**.

**2.**   Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement, ECF No. 93 at 18–19.

**3.**   The Court finds that notice to the Class has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

**4.**   The Court finds that notice of the Settlement Agreement has been provided to the United States Attorney General and the attorneys general of all states in which any Class Member resides, in accordance with 28 U.S.C. § 1715.

**5.**   The Court finds it has personal and subject matter jurisdiction over all claims asserted in this litigation with respect to all members of the

FINAL APPROVAL OF CLASS SETTLEMENT 2

1    Class.

2    **6.**    Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court has

3    certified the following Class for settlement purposes: All current and

4    former employees of Dovex Fruit Company who performed piece-rate

5    work for Dovex in Washington at any time between November 3, 2012

6    and January 12, 2016. "Settlement Class Members" include members

7    of the Class who do not exclude themselves from the action.

8    **7.**    In connection with this certification, the Court makes the following

9    findings:

10    *A.*    The Settlement Class satisfies Rule 23(a)(1) because the Class

11    is so numerous that joinder of all members is impracticable;

12    *B.*    The Settlement Class satisfies Rule 23(a)(2) because there are

13    questions of law or fact common to the Class;

14    *C.*    The Settlement Class satisfies Rule 23(a)(3) because Plaintiffs'

15    claims are typical of the claims being resolved through the

16    Settlement;

17    *D.*    The Settlement Class satisfies Rule 23(a)(4) because the named

18    Plaintiffs are capable of fairly and adequately protecting the

19    interests of the Class Members in connection with the

20    Settlement and because counsel representing the Class are

FINAL APPROVAL OF CLASS SETTLEMENT 3

1          qualified, competent, and capable of prosecuting this action on

2          behalf of the Class;

3    **E.**    The Settlement Class satisfies Rule 23(b)(3) because, for

4          purposes of Settlement approval and administration, common

5          questions of law and fact predominate over questions affecting

6          only individual Class Members. Accordingly, the Class is

7          sufficiently cohesive to warrant settlement by representation. In

8          addition, for purposes of settlement, certification of the Class is

9          superior to other available methods for the fair and efficient

10          resolution of the claims of the Class Members.

11  **8.**    The Court has appointed Plaintiffs Mariano Carranza and Eliseo

12          Martinez as Class Representatives.

13  **9.**    The Court has appointed Marc Cote of Frank Freed Subit & Thomas

14          LLP and Toby Marshall of Terrell Marshall Law Group PLLC as Class

15          Counsel.

16  **10.**    No objections to the Settlement have been lodged.

17  **11.**    No Class Members have requested exclusion from the Settlement.

18  **12.**    The terms set forth in the Settlement are approved as being fair,

19          adequate, and reasonable in light of the degree of recovery obtained in

20          relation to the risks faced by the Class in litigating the claims. The

FINAL APPROVAL OF CLASS SETTLEMENT 4

Class is properly certified as part of this Settlement. The relief provided to the Class under the Settlement Agreement is appropriate as to the individual members of the Class and as a whole.

13. The Court approves the payment of $412,981.88 in attorneys' fees and $12,018.12 in litigation costs to Class Counsel as fair and reasonable. The attorneys' fees and costs agreed by the parties are reasonable based on the lodestar method, which is the appropriate method of calculation in this case because Plaintiffs' central claims are brought under Washington statutes that contain a fee-shifting provision for successful recovery of wages, *see* Wash. Rev. Code §§ 49.46.090, .48.030, .52.070, and Plaintiffs achieved significant additional, nonmonetary relief for the Class, *see In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

14. The Court concludes the agreed award of attorneys' fees and costs is fair and reasonable after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates; (2) the substantial financial recovery for Settlement Class Members as well as the significant nonmonetary relief Class Counsel obtained for the Class; (3) the diligent and efficient effort of Class Counsel in litigating Plaintiffs' claims;

FINAL APPROVAL OF CLASS SETTLEMENT 5

(4) Class Counsel's substantial experience in complex wage and hour class action litigation and skill utilized to achieve the Settlement; (5) the hurdles to certifying the Class and proving liability and damages at trial; and (6) the reasonableness of the litigation costs incurred by Class Counsel.

15.   Class Counsel reasonably expended more than 1370 hours on this litigation, not including hours spent preparing for the final approval hearing and handling settlement administration issues after final approval. The Court has reviewed the summaries of the hours worked by timekeeper and Class Counsel's contemporaneous time records and finds that the number of hours expended is reasonable.

16.   In determining a reasonable rate, courts consider the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) (quoting *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir.1995)). "Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Bowers v. Transam. Title Ins. Co.*, 675 P.2d 193, 203 (Wash. 1983). Here, Class Counsel's lodestar calculations are based on the established hourly rates their firms charge clients. Class Counsel's hourly rates are reasonable for this case.

FINAL APPROVAL OF CLASS SETTLEMENT 6

1      Specifically, the Court finds the following rates of Plaintiffs' lead

2      counsel to be reasonable: For Mr. Cote, $425 per hour in 2019, $395

3      per hour in 2018, $375 per hour in 2016 and 2017, and $300 per hour

4      in 2015. For Mr. Marshall, $525 an hour in 2019, $475 an hour from

5      2016 to 2018, and $400 an hour in 2015.

6      **17.**   Washington courts often apply an attorney's current rate for all work

7      performed, regardless of when the work was performed, as a means of

8      compensating for the delay in payment. *Steele v. Lundgren*, 982 P.2d

9      619, 626 (Wash. Ct. App 1999) ("Allowing such an adjustment

10     encourages attorneys to take potentially risky cases with clients who

11     may not be able to afford to pay an attorney and allows public interest

12     lawyers to benefit as would attorneys in private practice."); *see also*

13     *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("A fee

14     award at current rates is intended to compensate prevailing attorneys

15     for lost income they might have received through missed investment

16     opportunities as well as lost interest."). Here, Class Counsel's lodestar

17     through July 17, 2019 of $431,447.19 is based on their lower historical

18     rates. *See* ECF No. 99 at 6 ($247,243.69 incurred by Frank Freed Subit

19     & Thomas LLP through July 17, 2019); ECF No. 100 at 9

20     ($184,203.50 incurred by Terrell Marshall Law Group PLLC). Class

FINAL APPROVAL OF CLASS SETTLEMENT 7

1    Counsel estimated incurring approximately $20,000 in additional fees

2    through settlement distribution, which results in a lodestar of more

3    than $450,000 based on historical rates. Using only current rates,

4    counsel's lodestar would be significantly higher.

5    **18.**    The Ninth Circuit has instructed courts to apply reasonable hourly rates

6    for the region when conducting a lodestar analysis. *In re Bluetooth*,

7    654 F.3d at 941. A district court may not adopt an informal court-wide

8    policy of "holding the line" on fees at a certain level. *Moreno v. City*

9    *of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008). Counsel in this

10    case practice throughout the state of Washington using the same hourly

11    rates they seek here. Rates outside the forum may be used if local

12    counsel is "unwilling or unable to perform because they lack the

13    degree of experience, expertise, or specialization required to handle

14    properly the case." *Camacho v. Bridgeport Fin. Servs.*, 523 F.3d 973,

15    979 (9th Cir. 2008) (internal quotation marks omitted). Here, Plaintiffs

16    presented evidence that no local plaintiff-side wage and hour class

17    action lawyers were available who had the experience, expertise, and

18    specialization required to properly handle this case. *See* ECF No. 102

19    at 2–3. Class Counsel have achieved strong results for farm workers in

20    other class action cases. An attorney at Northwest Justice Project

FINAL APPROVAL OF CLASS SETTLEMENT 8

1    ("NJP") in Wenatchee, Washington referred this case to Class Counsel

2    because NJP "did not know any other private attorneys with the

3    experience and expertise of [Class Counsel] in the specific wage and

4    hour issues [Plaintiff] Carranza and his co-workers were facing." *Id.* at

5    3. NJP "wanted to ensure that [Plaintiff] Carranza and his co-workers

6    were well-represented by attorneys who had the experience, expertise,

7    and specialization to properly handle the case," so the organization

8    referred the case to Class Counsel. *Id.* For these reasons, this Court

9    finds that it is appropriate to apply Class Counsel's regular hourly rates

10    even though Class Counsel are based in Seattle, Washington. Class

11    Counsel's regular hourly rates are reasonable for this class action case.

12    **19.**    In a class action, the Court may approve reasonable litigation costs

13    "that are authorized by law or by the parties' agreement." Fed. R. Civ.

14    P. 23(h). Of the $425,000 Defendant agreed to pay for attorneys' fees

15    and costs pursuant to Washington fee-shifting statutes, Class Counsel

16    seek reimbursement of $12,018.12 in litigation expenses. Recoverable

17    costs "as part of the award of attorney's fees [include] those out-of-

18    pocket expenses that 'would normally be charged to a fee paying

19    client.'" *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994) (quoting

20    *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir.

FINAL APPROVAL OF CLASS SETTLEMENT 9

1986)). The litigation expenses Class Counsel incurred in this case include (1) filing fees, (2) mediation expenses, (3) copying and mailing expenses, (4) computer research expenses, (5) factual investigation expenses, and (6) travel expenses. These out-of-pocket costs were necessary to secure the resolution of this litigation. Therefore, the Court finds that payment of $12,018.12 in litigation expenses is reasonable.

20.   Pursuant to Section III.C.2 of the Settlement Agreement, Defendant shall pay all costs of Settlement notice and administration in addition to the Total Settlement Amount.

21.   The Court approves the service award payments of $15,000 to Plaintiff Mariano Carranza and $7500 to Plaintiff Eliseo Martinez. These awards are reasonable and do not undermine Plaintiffs' adequacy as Class Representatives. Rather, the awards reasonably compensate Plaintiffs for the time and effort each spent serving as Class Representatives, participating in discovery, assisting in the investigation of their claims, participating in and keeping abreast of the litigation, and participating in mediation.

22.   The Settlement is binding on all Settlement Class Members.

23.   Each member of the Class who submits a Claim Form by August 22,

FINAL APPROVAL OF CLASS SETTLEMENT 10

2019 (a "Qualified Class Member") shall be entitled to receive a proportional share of the Net Class Payment, as set forth in Section III.E. of the Settlement Agreement. Each Qualified Class Member's share will be based on his or her hours worked, as recorded by Defendant.

24.   No later than three business days after the Effective Date, Defendant shall pay the sum of $1,225,000 to the Settlement Administrator.

25.   No later than seven days after the Effective Date, the Settlement Administrator shall pay to Class Counsel $425,000 in attorneys' fees and costs and shall pay the service awards to Plaintiffs as detailed above.

26.   No later than twenty-one days after the Effective Date, the Settlement Administrator shall issue Settlement Award checks to all Qualified Class Members, along with Forms W-2 and 1099, in mailing envelopes listing the Settlement Administrator's return address.

27.   Any Qualified Class Member who fails to cash or deposit a Settlement Award check after a period of sixty days has elapsed from the date on which the checks were issued will not receive a share of the Net Class Payment, will have no interest in the Settlement Award, and the funds from the uncashed check will be considered Residual Funds. After this

FINAL APPROVAL OF CLASS SETTLEMENT 11

sixty-day period, the Settlement Administrator will stop payment on all uncashed checks. If, after sixty days following the First Distribution, the total amount of Residual Funds exceeds $100,000, the Settlement Administrator shall redistribute the remaining amount to all Qualified Class Members who cashed their original checks, proportionally based on the calculations in Sections III.E.4 and .5 of the Settlement Agreement, subject to Section III.K.15 of the Settlement Agreement. Within thirty days of the Second Distribution, or if there is no Second Distribution, following the initial sixty-day check-cashing period, the Settlement Administrator shall distribute the Residual Funds as *cy pres* equally to (1) Northwest Immigrant Rights project (to support migrant and seasonal farm workers) and (2) Opportunities Industrialization Center of Washington (for its Migrant Seasonal Farmworker Program serving eligible migrant and seasonal farmworkers in Washington).

**28.**    Any Settlement Class Member who fails to submit a valid Claim Form by the deadline stated in paragraph 23 above and any Qualified Class Member who fails to cash or deposit a Settlement Award check within sixty days after the First Distribution will not receive a share of the Net Class Payment but will be bound nevertheless by the terms of the

FINAL APPROVAL OF CLASS SETTLEMENT 12

1       Settlement Agreement.

2       **29.**   All Class Members, except any who submit a timely and valid request

3             for exclusion, are bound by the terms of the Settlement Agreement,

4             including the Release. As of the Effective Date, the settlement

5             constitutes a full and final settlement and release of all "Released

6             Claims" as defined in Section III.B of the Settlement Agreement.

7       **30.**   The Parties and their counsel shall implement and consummate the

8             Settlement Agreement according to its terms and provisions, including

9             all payments to be made by Defendant and the Settlement

10            Administrator under the Settlement Agreement.

11      **31.**   The Court hereby dismisses with prejudice all Released Claims as to

12            all Settlement Class Members. This dismissal is without costs or

13            attorneys' fees, except as otherwise ordered here, to any Party.

14      **32.**   The entry of this Order and dismissal of Released Claims is without

15            prejudice to the rights of the Parties to enforce the terms of the

16            Settlement Agreement and the rights of Class Counsel to seek the

17            payment of fees and costs as provided for in this Order.

18      **33.**   The Court retains jurisdiction of this case, including for the purposes

19            of the administration and enforcement of the Settlement, to ensure all

20            payments are made and other actions required by the Settlement are

FINAL APPROVAL OF CLASS SETTLEMENT 13

1    properly carried out, and to address settlement administration matters

2    and such post-judgment matters as may be appropriate under court

3    rules.

4        **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

5    provide copies to all counsel.

6        **DATED** this 22nd day of August 2019.

7        _____

8        SALVADOR MENDOZA, JR.
         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

FINAL APPROVAL OF CLASS SETTLEMENT 14

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL VALENCIA, individually and on behalf of all others similarly situated; BELARMINO HERNANDEZ, individually and on behalf of all others similarly situated; and JUNIOR ARACHIGA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HOMEDELIVERYLINK INC., <br><br> Defendant. | No.   4:18-cv-05034-SMJ <br><br> **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS** |

Before the Court are Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 178, and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 172.

On September 25, 2020, Plaintiffs filed the Settlement Agreement, ECF No. 166, which set forth the terms and conditions of the Settlement and release of certain claims (i.e., the Released Claims) against Defendant and all other Released Parties ("Settlement");

The Court preliminarily approved the Settlement on October 9, 2020, ECF

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 1

1  No. 168, and notice of the Settlement was given to Settlement Class members in

2  accordance with the Preliminary Approval Order.

3      The Court has reviewed and considered all papers filed in support of the

4  Settlement and all exhibits to the settlement and, after notice to the Settlement Class,

5  held a final fairness hearing on February 19, 2021, at which time the Parties and all

6  interested persons were heard in support of and in opposition to the Settlement.

7      After considering the motions, along with the declarations and exhibits

8  submitted with the motions, and conducting a hearing on the matter, the Court is

9  fully informed, and finds that the Settlement is fair, adequate, and reasonable to the

10  Settlement Class, within the authority of the parties, and the result of arm's length

11  negotiations. The Court thus grants the Plaintiffs' motions. Accordingly, the Class

12  is certified, the Settlement Agreement is finally approved, Class Counsel are

13  awarded $550,000 in fees and costs, and Service Awards are approved in the

14  amount of $20,000 each for Plaintiffs Daniel Valencia, Belarmino Hernandez, and

15  Junior Arechiga ($60,000 total).

16      Accordingly, **IT IS HEREBY ORDERED**:

17  **1.**    Plaintiffs' Unopposed Motion for Final Approval of Class Action

18          Settlement, **ECF No. 178**, is **GRANTED**.

19  **2.**    Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards,

20          **ECF No. 172**, is **GRANTED**.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 2

3.      The Court has jurisdiction over the subject matter of this Case and personal jurisdiction over the parties and the Settlement Class. The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

4.      ***Class Certification for Settlement Purposes Only.*** Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Court, for settlement purposes only, certifies the following Settlement Class and Subclass:

> **Settlement Class.** All persons who, from March 1, 2015 to the date that the Court enters the Preliminary Approval Order, have performed services for [Homedeliverylink, Inc. "HDL"] in Washington as delivery drivers.

> **Settlement Subclass.** All persons who, from March 1, 2015 to the date that the Court enters the Preliminary Approval Order, have performed services for HDL in Washington as delivery drivers and paid funds to HDL through check deductions, including deductions from payments HDL made to spouses or domestic partners of the drivers.

5.      For purposes of settlement, the Court appoints Plaintiffs Belarmino Hernandez, Daniel Valencia, and Junior Arechiga as "Class Representatives."

6.      For purposes of settlement, the Court appoints Terrell Marshall Law Group PLLC and Lichten & Liss-Riordan as "Class Counsel."

7.      As for the Settlement Class, the Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 3

1    members is impracticable; (b) there are questions of law or fact

2    common to the Settlement Class; (c) the claims of the Class

3    Representatives are typical of the claims of the Settlement Class; (d)

4    the Class Representatives will fairly and adequately protect the

5    interests of the Settlement Class; (e) the questions of law or fact

6    common to the members of the Settlement Class predominate over the

7    questions affecting only individual members; and (f) certification of

8    the Settlement Class is superior to other available methods for the fair

9    and efficient adjudication of the controversy. The Court further finds

10    that: (g) the members of the Settlement Class have a limited interest in

11    individually prosecuting the claims at issue; (h) it is desirable to

12    concentrate the claims in this forum; and (i) it is unlikely that there will

13    be difficulties encountered in administering this Settlement.

14    **8.**    If the Settlement terminates for any reason, the certification of the

15    Settlement Class shall be automatically vacated, null and void, and this

16    Action shall revert to its status immediately prior to the execution of

17    the Settlement Agreement.

18    **9.**    The Court finds that the notice given to Settlement Class Members in

19    accordance with the terms of the Settlement Agreement and the

20    Preliminary Approval Order fully and accurately informed Settlement

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 4

1   Class Members of all material elements of the Settlement and

2   constituted valid, sufficient, and due notice. The notice complied with

3   due process, Federal Rule of Civil Procedure 23, and all other

4   applicable law.

5   **10.** No Settlement Class members have requested exclusion from the

6   Settlement.

7   **11.** The Settlement Agreement requires HDL to pay $1,450,000 to settle

8   this case. The Settlement includes a $900,000 payment to the

9   Settlement Class to be used to make cash payments to Settlement Class

10   Members who submit valid and timely claims and any court-approved

11   service awards for the Plaintiffs. The Settlement also includes

12   $550,000 to pay notice and settlement administration expenses and

13   court-approved statutory attorneys' fees and costs. Class Counsel have

14   filed a motion seeking approval of the $550,000 attorney fees and costs

15   payment and of service awards for Plaintiffs in the amount of $20,000

16   each.

17   **12.** The Settlement is non-reversionary, and any amounts remaining after

18   an initial distribution to Settlement Class Members and a second

19   distribution, if necessary and feasible, will be disbursed to the Legal

20   Foundation of Washington, a non-profit organization that supports

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 5

1    civil legal aid organizations in Washington, including those that focus

2    on workers' rights.

3    **13.**    The Court grants final approval of the Settlement and finds it is in all

4    respects fair, reasonable, adequate, and in the best interest of

5    Settlement Class Members. The parties dispute the merits of Plaintiffs'

6    claims, and their dispute underscores not only the uncertainty of the

7    outcome but also why the Court finds the Settlement Agreement to be

8    fair, reasonable, and adequate. Had they continued to litigate,

9    Settlement Class Members faced the challenge of maintaining a

10    certified litigation class, defeating summary judgment, and convincing

11    a jury that HDL misclassified its delivery drivers as independent

12    contractors when they were employees. They also would have had to

13    survive appeals of any class certification order, summary judgment

14    rulings, or other rulings rendered during trial. Class Counsel, who have

15    significant experience litigating and settling these types of claims,

16    have reviewed the Settlement Agreement and find it to be in the best

17    interest of Settlement Class Members. For all these reasons, the Court

18    finds that the uncertainties of continued litigation in both the trial and

19    appellate courts, as well as the expense associated with it, weigh in

20    favor of approving the Settlement.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 6

14.    In making this determination, the Court has considered the criteria set forth in Federal Rule of Civil Procedure 23(e). Specifically, the Class Representatives and Class Counsel have adequately represented the Class; the proposal was negotiated at arm's length; the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Class including the method of processing Class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and the proposal treats class members equitably relative to each other.

15.    The parties, their counsel, and Lichten & Liss-Riordan, which has served as settlement administrator, shall fulfill their obligations and duties under the Settlement Agreement.

16.    The Court dismisses with prejudice this Case and adjudges that the Released Claims are released against the Releasing Parties.

17.    Plaintiffs and Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 7

18.    Lichten & Liss-Riordan executed the Notice Plan according to the terms of the Settlement Agreement and in compliance with the Preliminary Approval Order. The Notice apprised the Settlement Class members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on Settlement Class Members and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The Notice Plan prescribed by the Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to notice. The notice satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The notices were reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Case, all material elements of the Settlement, and their opportunity to exclude themselves from or object to the Settlement and to appear at the final fairness hearing.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 8

19. In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), Class Counsel filed their petition for attorney fees, costs, and service awards with the Court and posted the motion on the Settlement Website thirty (30) days before the deadline to submit claims, exclusions, and objections.

20. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order.

21. Within ten (10) days after the filing of the proposed Settlement Agreement in the Court, a notice of the proposed Settlement was served upon the appropriate state official of each state in which a Settlement Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

22. The Court approves payment of attorney fees and costs in the amount of $550,000. The attorney fees and costs are reasonable based on the lodestar method, which is the appropriate method of calculation in this case because Plaintiffs' central claims are brought under Washington

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 9

statutes that contain a fee-shifting provision for successful recovery of wages, *see* Wash. Rev. Code §§ 49.46.090, 49.48.030 &49.52.070, and the purpose of the fee-shifting provision is "to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *see also Drinkwitz v. Alliant Techsys., Inc.*, 996 P.2d 582, 587 (2000) (describing the role Washington's wage statutes have played in Washington's "long and proud history of being a pioneer in the protection of employee rights").

23.    The Court concludes the award of attorney fees and costs is fair and reasonable after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates; (2) the substantial financial recovery for Settlement Class Members; (3) the diligent and efficient effort of Class Counsel in litigation Plaintiffs' claims; (4) Class Counsel's substantial experience in complex wage and hour class action litigation and skill utilized to achieve the Settlement; (5) the hurdles to proving liability and damages at trial; and (6) the reasonableness of the litigation costs incurred by Class Counsel.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 10

24. Class Counsel reasonably expended more than 3,000 hours prosecuting this litigation, not including hours spent drafting the final approval papers, preparing for the final approval hearing, and handling settlement administration issues after final approval. The Court has reviewed the summaries of the hours worked by timekeeper and Class Counsel's contemporaneous time records and finds that the number of hours is reasonable. The Court notes that Class Counsel reviewed their time records and reduced their total hours by ninety-eight hours of billable time.

25. In determining a reasonable rate, the court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant community is generally defined as the forum in which the district court sits." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (2009) (quotation marks and citation omitted). "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v.*

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 11

*Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Here, Class Counsel's lodestar of $1,020,718.75 is based on rates lower than the rates they ordinarily charge in similar actions. Class Counsel's hourly rates are reasonable for this case. Specifically, the Court finds the following rates for Plaintiffs' lead counsel to be reasonable: For Mr. Marshall, $475 per hour in 2018 and $525 per hour in 2019 and 2020. For Ms. Murray, $450 per hour in 2018 and $500 per hour in 2019 and 2020. For Ms. Glass, $300 per hour in 2018 and $325 per hour in 2019 and 2020. For Mr. Lichten, $600 per hour for all years. And for Mr. Thomson, $375 per hour for all years.

26.     Washington courts often apply an attorney's current rate for all work performed, regardless of when the work was performed, as a means of compensating for the delay in payment. *Steele v. Lundgren*, 982 P.2d 619, 626 (Wash. Ct. App. 1999) ("Allowing such an adjustment encourages attorneys to take potentially risky cases with clients who may not be able to afford to pay an attorney and allows public interest lawyers to benefit as would attorneys in private practice."); *see also Gates v. Deukemjian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("A fee award at current rates is intended to compensate prevailing attorneys for lost income they might have received through missed investment

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 12

opportunities as well as lost interest."). Here, Class Counsel's lodestar is based on their historical rates. Using only current rates, counsel's lodestar would be significantly higher.

27. Courts in this district have found Terrell Marshall's rates to be reasonable. *See Carranza v. Dovex Fruit Co.*, No. 2:16-cv-00054-SMJ, ECF No. 108 at 7–8 (E.D. Wash. Aug. 22, 2019) (approving rates ranging from $400 to $525 for Mr. Marshall); *Cavnar v. Bounceback, Inc.*, No. 2:14-cv-00235-RMP, Order Memorializing Court's Oral Rulings, ECF No. 152 at 6 (E.D. Wash. Sept. 15, 2016); *see also Brown v. Consumer Law Assocs. LLC*, No. CV-11-0194-TOR, ECF Nos. 211, 212 & 227 (approving rates up to $540); *Bronzich v. Persels & Assocs., LLC*, No. CV-10-00364-TOR (E.D. Wash.), ECF Nos. 296, 297 & 311 (approving rates up to $530). Although courts in this district have not addressed Lichten & Liss Riordan's rates, other courts around the country have approved a rate of $700 for Mr. Lichten and $400 for an attorney at Lichten & Liss Riordan with experience comparable to Mr. Thomson, who performed the bulk of work in this matter. Lichten Decl. ¶ 13. Lichten & Liss Riordan has calculated its lodestar here using rates of $600 for Mr. Lichten, who has forty years of experience in employment litigation on behalf of workers and employees, and

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 13

$375 for Mr. Thomson, who has eight years of experience. These rates are in line with rates approved by this Court. *See Carranza*, No. 2:16-cv-00054-SMJ, ECF No. 99 at 8–9; ECF No. 108 (approving rate of $550 for attorney with thirty years of experience and $225-$300 for attorney with five years of experience).

28. Class Counsel's fee request is especially reasonable considering the fact that it reflects a "negative" multiplier on their total lodestar incurred through December 7, 2020. Class Counsel request $550,000 inclusive of costs. When out-of-pocket costs are deducted, Class Counsel seek $480,670 and the fee reflects a negative multiplier of 0.47 on their total lodestar incurred ($480,670 ÷ $1,020,718.75 = 0.47). The negative multiplier results in an average rate that is effectively $157.82 per hour across all timekeepers ($480,670 ÷ 3,045.75 hours = $157.82).

29. The Court approves the service fee payment of $20,000 each for Class Representatives Belarmino Hernandez, Daniel Valencia, and Junior Arechiga and specifically finds that amount to be reasonable in light of the service performed by the Class Representatives for the class. The Class Representatives participated in discovery, assisted in the investigation of their claims, contacted witnesses, and participated in

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 14

1  mediation. The contributions are similar to the work of class

2  representatives who received similar awards in other cases. *See, e.g.,*

3  *Hall v. L-3 Commc'ns Corp.*, No. 2:15-cv-00231-SAB, 2019 WL

4  3845460, at *4 (E.D. Wash. Aug. 2, 2019) (approving $20,000 service

5  award for class representative who was also a named plaintiff and

6  $10,000 service awards for class representative not named as plaintiffs

7  who "gave their time freely knowing there was great risk that the action

8  would not succeed, and their time could be for naught"); *Ikuseghan v.*

9  *Multicare Health Sys.*, No. Civ. 14 5539, 2016 WL 4363198, at *1, 3

10  (W.D. Wash. Aug. 16, 2016) (approving $15,000 service award);

11  *Vedachalam v. Tata Consultancy Servs., Ltd.*, No. 06 Civ. 0963, 2013

12  WL 3929129, at *2 (N.D. Cal. July 18, 2013) (approving $35,000 and

13  $25,000 service awards to class representatives); *Ross v. U.S. Bank*

14  *Nat'l Ass'n*, No. 7 Civ. 2951, 2010 WL 3833922, at *4 (N.D. Cal. Sept.

15  29, 2010) (approving $20,000 service award for each of four class

16  representatives); *see also In re Lupron Mktg. & Sales Prac. Litig.*, 228

17  F.R.D. 75, 98 (D. Mass. 2005) ("Incentive awards are recognized as

18  serving an important function in promoting class action settlements,

19  particularly, whereas here, the named plaintiffs participated actively in

20  the litigation.").

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 15

30.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by HDL or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by HDL or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Case.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 16

31.    Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims and causes of action asserted or could have been asserted based on the facts asserted in this lawsuit that arose during the Settlement Class Period.

32.    Upon the Effective Date, the Class Representatives for themselves and their spouses, heirs, successors, and assigns, fully forever, irrevocably and unconditionally release HDL from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including back wages, penalties, liquidated damages, and attorney fees and costs actually incurred) of any nature whatsoever, from the beginning of time through the Effective Date, known or unknown, suspected or unsuspected, including but not limited to all claims arising out of, based upon, or relating to their relationship with HDL or the remuneration for, or, as applicable, termination of, such relationship. The Parties intend this release to be full and complete to the full extent allowed by law.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 17

33. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the parties shall be returned to the *status quo ex ante*, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

34. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including implementation and enforcement of the Settlement Agreement.

35. There were no objections to the Settlement.

36. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable and the case **DISMISSED WITH PREJUDICE**.

//

//

//

//

//

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 18

1      **37.**    The Clerk's Office is directed to **ENTER JUDGMENT** in Plaintiffs'

2              favor and **CLOSE** this file.

3          **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

4    provide copies to all counsel.

5          **DATED** this 19th day of February 2021.

6                          _____

7                          SALVADOR MENDOZA, JR.
                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 19

THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7

8   ADAMA JAMMEH, OUMIE SALLAH, and          NO. 2:19-cv-00620-JLR
    CYNTHIA QUINTERO,
9                                            [PROPOSED] FINAL APPROVAL ORDER
                    Plaintiffs,
10

11          v.

12  HNN ASSOCIATES, LLC, GATEWAY, LLC,
    COLUMBIA DEBT RECOVERY, LLC, d/b/a
13  GENESIS CREDIT MANAGEMENT, LLC, and
    WILLIAM WOJDAK,
14

15                  Defendants.

16

17          This matter came before the Court on consideration of Plaintiffs' Motion for Final

18  Approval of Class Action Settlement (Dkt. # 128) and Class Counsel's Motion for an Award of

19  Fees, Costs, and Class Representative Statutory and Service Awards (Dkt. # 121). After

20  considering the motions and the declarations and exhibits submitted with the motions, the

21  Court enters this Final Approval Order ("Final Approval Order"), which constitutes a final

22  adjudication on the merits of all claims of the Classes and Subclass. It is HEREBY ORDERED that

23  the motions are GRANTED, the Settlement Agreement and Release ("Agreement") is finally

24  approved, Class Counsel are awarded $600,000 in fees and expenses, Plaintiffs Adama Jammeh

25  and Oumie Sallah are each awarded $5,000 for statutory damages and service awards, and

26  Plaintiff Cynthia Quintero is awarded $2,000 for a statutory damages and service award.

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    On February 4, 2021, the Court preliminarily approved the Agreement and directed that

2    notice be given to the Class (Dkt. No. 120). Pursuant to the notice requirements set forth in the

3    Agreement and Preliminary Approval Order, Class Members were notified of the terms of the

4    proposed Agreement, of their right to opt out, and of their right to object and be heard at a

5    Final Approval Hearing to determine whether the terms and conditions of the Agreement are

6    fair, reasonable, and adequate for the release of the claims contemplated by the Agreement;

7    and whether judgment should be entered dismissing this action with prejudice.

8    The Court has reviewed and considered all papers filed in support of and in opposition

9    to the settlement, and all exhibits thereto, and held a hearing after notice was sent to the

10   Classes in order to confirm that the settlement is fair, reasonable, and adequate, and to

11   determine whether the Final Approval Order should be entered in this action pursuant to the

12   terms and conditions set forth in the Agreement ("Final Approval Hearing") on <u>June 9, 2021 at</u>

13   <u>9:00 a.m.</u>  At the Final Approval Hearing, the parties and all interested persons were heard in

14   support of and in opposition to the settlement.

15   NOW, THEREFORE, IT IS HEREBY ORDERED:

16   1.    The Court has jurisdiction over the subject matter of this action and personal

17   jurisdiction over the parties and the Classes. The definitions and provisions of the Agreement

18   are incorporated in this Order as though fully set forth herein.

19   2.    In its class certification order, the Court certified the following Classes:

20   **HNN CLASSES**: Former tenants of an HNN managed property in
     Washington who moved in before February 1, 2019 and:
21

22   (1) who moved out on or after July 12, 2017, and from whom HNN
     collected a deposit or security without providing a move-in
23   checklist that stated the condition of the walls, floors, countertops,
     carpets, and appliances in the unit (the "Move-In Form" Class); or
24

25   (2) who moved out on or after July 12, 2017, and to whom HNN
     mailed a statement of HNN's basis for retaining a deposit more
26   than 21-days after the tenant moved out of an HNN-managed unit
     (the "Late Statement" Class); or
27

[PROPOSED] FINAL APPROVAL ORDER - 2
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(3) who moved in to an HNN managed property after July 31, 2016, and whose deposit was forfeited by HNN (the "Forfeiture Class").

**CDR CLASS**: All former tenants of an HNN managed property in Washington whose accounts HNN placed with CDR between February 13, 2017 and January 31, 2019, and to whom CDR sent at least one written collection demand.

Dkt. No. 105 at 57. In its Preliminary Approval Order, the Court also found that the FDCPA Subclass satisfies the requirements of Rule 23(a) and (b)(3) and certified the following Subclass:

**CDR FDCPA SUBCLASS**: All members of the CDR Class to whom CDR sent at least one written collection demand on or after July 12, 2018.

Dkt. No. 120

3.      The Court reaffirms its appointment of Adama Jammeh, Oumie Sallah, and Cynthia Quintero as Class Representatives (Dkt. Nos. 105 at 58, 120 at 3), and the Terrell Marshall Law Group, The Law Office of Paul Arons, and Leonard Law, as Class Counsel (*id.*).

4.      The Court finds that the notice given to Class Members fully and accurately informed Class Members of all material elements of the settlement and constituted valid, sufficient, and due notice to all Class Members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.

5.      The settlement requires Defendants to establish a Settlement Fund in the amount of $1,600,000 that the parties propose to use to: make payments to all Settlement Class Members with a deliverable address who did not timely exclude themselves from the settlement; pay the Class Administrator the costs of notice and settlement administration expenses; pay statutory damages and service awards to the Class Representatives in amounts approved by the Court; and pay Class Counsel's attorneys' fees and expenses, in amounts approved by the Court. The Settlement Fund is non-reversionary and any amounts remaining in the Settlement Fund after the deadline to cash checks has expired shall be distributed in a second distribution, if feasible, or else disbursed to Washington Community Action Network

[PROPOSED] FINAL APPROVAL ORDER - 3
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Marshall Declaration Exhibit 2                                                    36

1   (Washington CAN) and Mary's Place, two non-profit organizations dedicated to expanding

2   access to and helping people with finding safe and affordable rental housing.

3         6.      Defendants are ordered to comply with the non-monetary relief required by the

4   Settlement as follows:

5                 a.     Within thirty (30) days of full execution of this Settlement Agreement,

6                        CDR shall cease all efforts to collect any amounts in excess of the

7                        Principal allegedly owed by Class Members on their HNN accounts.

8                 b.     To the extent that CDR is furnishing information regarding the Settlement

9                        Class Members' HNN Accounts, within thirty (30) days of the Effective

10                       Date, CDR shall request deletion of all tradelines relating to Settlement

11                       Class Members' HNN accounts that CDR or any related person or entity

12                       has reported to any "consumer reporting agency" as that term is defined

13                       in 15 U.S.C. 1681 ("Credit Bureaus") and will not re-report any of these

14                       alleged debts. The request will be submitted via a "Universal Data Form"

15                       or other similar written form. CDR's sole obligation shall be to submit the

16                       request to suppress the reporting of tradeline(s) associated with the

17                       Settlement Class Members' HNN Accounts, if any. Consumer reporting

18                       agencies are separate entities from CDR. Accordingly, CDR is not

19                       responsible for the performance of any of the consumer reporting agency

20                       with respect to changing, deleting, suppressing, or making entries

21                       regarding any credit information or other information regarding

22                       Settlement Class Members' or any HNN Accounts. CDR shall not have a

23                       continuing obligation to follow up with consumer reporting agencies to

24                       insure deletion of any tradeline(s) related to the Settlement Class

25                       Members' HNN Accounts. It is understood that HNN shall not have any

26                       responsibility with respect to the deletion of any tradelines.

27

[PROPOSED] FINAL APPROVAL ORDER - 4
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1        c.     Within thirty (30) days of the Effective Date, CDR shall file satisfactions of

2             any judgment CDR has obtained against Settlement Class Members on

3             their HNN accounts in excess of the Principal. Courts and Judges are

4             separate entities from CDR. Accordingly, CDR is not responsible for the

5             performance of any Court or Judge with respect to changing, modifying

6             or revising any judgment. CDR shall not have an obligation beyond filing

7             and requesting modification of the judgment in compliance with RCW

8             4.56.100(1).

9        d.     Within thirty (30) days of the Effective Date, CDR shall cease to add

10           prejudgment interest on HNN accounts.

11     7.     The Court finally approves the Agreement, including the plans for

12  implementation and distribution of the Settlement Fund, and the prospective relief, and finds

13  that it is in all respects fair, reasonable, adequate, and in the best interest of the Class

14  Members and the result of extensive arm's length negotiations. The parties dispute the validity

15  of the claims in the action, and their dispute underscores not only the uncertainty of the

16  outcome but also why the Court finds the Agreement to be fair, reasonable, and adequate. Had

17  the parties continued to litigate, it is likely that Defendants would have filed dispositive

18  motions related to Class Members' claims. And Class Members would have faced the risk and

19  expense of trial, as well as possible appeals of the Court's class certification order and any

20  other dispositive rulings. Class Counsel find the Settlement to be in the best interests of the

21  Classes. For all these reasons, the Court finds that the uncertainties and expense of continued

22  litigation in both the trial and appellate courts weigh in favor of settlement approval. In making

23  this determination, the court has considered the criteria set forth in the recently amended

24  Federal Rule of Civil Procedure 23, and the factors outlined in *Churchill Village, L.L.C. v. General*

25  *Electric*, 361 F.3d 566, 575–76 (9th Cir. 2004).

26     8.     The parties, their counsel, and the Class Administrator shall fulfill their

27  obligations and duties under the Agreement. The Agreement and every term and provision

[PROPOSED] FINAL APPROVAL ORDER - 5
CASE NO. 2:19-CV-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Marshall Declaration Exhibit 2      38

1  thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full

2  force of an order of this Court.

3      9.    The Court dismisses with prejudice this action, the Released Claims, and the

4  Released Parties, and adjudges that the Released Claims are released against the Released

5  Parties.

6      10.    The Court adjudges that Plaintiffs and the Settlement Class Members are

7  deemed to have fully, finally, completely, and forever released, relinquished, and discharged

8  the Released Claims against the Released Parties.

9      11.    The Class Administrator executed the Notice Plan according to the terms of the

10  Agreement. The notices apprised the Class Members of the pendency of the litigation; of all

11  material elements of the proposed settlement, including but not limited to the relief afforded

12  the Classes under the Agreement; of the res judicata effect on members of the Classes and of

13  their opportunity to object to, comment on, or opt out of, the settlement; of the identity of

14  Class Counsel and Class Counsel's contact information; and of the right to appear at the Final

15  Approval Hearing. The notice given to Class Members satisfied the requirements of Federal

16  Rule of Civil Procedure 23 and the requirements of constitutional due process. Accordingly, the

17  Court determines that all Settlement Class Members are bound by this Final Approval Order.

18      12.    The following individuals who timely submitted valid requests for exclusion are

19  excluded from the Settlement Classes and are not bound by this Final Approval Order: Sebia

20  Green and Laqurisha Russ.  The Court, however, finds that the purported request for exclusion

21  submitted by Kianna Hall is invalid.  First, Ms. Hall's original request, which was submitted by

22  her attorney, did not include Ms. Hall's address or signature and therefore did not comply with

23  the requirements for exclusion set forth in the Agreement.  Second, Ms. Hall's amended

24  request, which was submitted to the Court by Class Counsel, was untimely.  Therefore, Ms. Hall

25  is included in the Settlement Class and is bound by this Final Approval Order.

26      13.    No Class Members objected to the Settlement.

27

[PROPOSED] FINAL APPROVAL ORDER - 6
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Marshall Declaration Exhibit 2                                    39

14.       All persons who have not made their objections to the settlement in the manner provided in the Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15.       Within thirty (30) days of the date of this Order, the Class Administrator shall issue Settlement Awards to each Settlement Class Member with a deliverable address under the terms of the Agreement.

16.       The Court finds the more than 2,100 hours expended by Class Counsel in this litigation and Class Counsel's hourly rates ranging from $125 to $550 to be reasonable and approves payment of attorneys' fees and costs in the amount of $600,000. This amount reflects Class Counsel's reasonable lodestar. This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement. The Court finds this amount to be appropriate and reasonable in light of the work performed by Class Counsel and the excellent monetary and prospective relief obtained for the Settlement Class Members. In addition, the Court finds that the Agreement was negotiated at arm's length and without collusion.

17.       The Court further grants Class Counsel's application for statutory damages and service awards for Class Representatives Adama Jammeh and Oumie Sallah in the amount of $5,000 each and for Class Representative Cynthia Quintero in the amount of $2,000. The Court finds these amounts to be reasonable in light of the service performed by the Class Representatives. This amount shall be paid from the Settlement Fund in accordance with the terms of the Agreement.

18.       Neither this Final Approval Order nor the Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. Neither this Final Approval Order nor the Agreement, nor any related document, proceeding, or action, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative proceeding, other than proceedings that may be necessary to enforce the Settlement and the Releases granted in the Settlement and this Final Approval Order.

[PROPOSED] FINAL APPROVAL ORDER - 7
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Marshall Declaration Exhibit 2                                         40

19.     Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims of liability whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that were brought or that could have been brought in the Action as of the date this Agreement is executed, relating to Move-Out Charges or procedures, Defendant HNN's collection or retention of a security deposit, claims under RCW 59.18.260 and RCW 59.18.280, forfeiture of a security deposit, imposition of Move-Out Charges, CDR's debt collection efforts related to Class Members and their HNN Accounts, and/or payments to Defendants of any amount above the Move-Out Charges reflected on the final move-out statement issued to a Settlement Class Member by HNN, including, but not limited to, claims based on a violation of the CAA, FDCPA, RLTA, CPA, and any other statutory or common law claim. This release does not extend to any defenses or counterclaims Settlement Class Members may have to the amount of any Move-Out Charges Defendants may seek to collect in a lawsuit, or any claims, defenses, or counterclaims Settlement Class Members may have relating to wrongful eviction.

20.     Representative Plaintiffs and all Settlement Class Members are deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and are forever barred from doing so, in any court of law or equity, or any other forum.

21.     The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation and enforcement of the Agreement.

22.     The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval

[PROPOSED] FINAL APPROVAL ORDER - 8
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Order and a separate Judgment be entered as final and appealable and the case dismissed with
2  prejudice.

3      IT IS SO ORDERED.

4      DATED this 9th day of June, 2021.

JAMES L. ROBART
United States District Judge

[PROPOSED] FINAL APPROVAL ORDER - 9
CASE NO. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Marshall Declaration Exhibit 2                                42

THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7   ADAMA JAMMEH and OUMIE SALLAH,

8                       Plaintiffs,                    Case No. 2:19-cv-00620-JLR

9        v.                                            **DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

10
    HNN ASSOCIATES, LLC, GATEWAY, LLC,
11  COLUMBIA DEBT RECOVERY, LLC, d/b/a
    GENESIS CREDIT MANAGEMENT, LLC, and
12  WILLIAM WOJDAK,

13                      Defendants.

14

15

16

17          I, Blythe H. Chandler, declare as follows:

18  **A.       Background and experience.**

19          1.       I am a member of the law firm of Terrell Marshall Law Group PLLC, Class Counsel

20  in this matter. I am admitted to practice before this Court and am a member in good standing

21  of the bars of the state of Washington. I respectfully submit this declaration in support of

22  Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Awards. Except as otherwise

23  noted, I have personal knowledge of the facts set forth in this declaration and could testify

24  competently to them if called upon to do so.

25          2.       Terrell Marshall is a law firm in Seattle, Washington, that focuses on complex

26  civil and commercial litigation with an emphasis on consumer protection, product defect, civil

27  DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
    OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
    FEES, COSTS, AND SERVICE AWARDS - 1
    Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   rights, and wage and hour cases. Terrell Marshall has been appointed lead or co-lead counsel

2   representing multi-state and nationwide classes in state and federal court in Washington and

3   throughout the United States. Since its founding in 2008, the attorneys at Terrell Marshall have

4   represented scores of classes, tried class actions in state and federal court, and obtained

5   hundreds of millions of dollars in monetary relief to workers, consumers, and other individuals.

6           3.       I joined Terrell Marshall in 2014 and became a member in 2018. I practice

7   complex litigation with a focus on prosecution of consumer class actions. I have been appointed

8   class counsel in cases challenging a wide range of unfair or deceptive practices, including debt

9   collection practices. In 2010, I received my J.D. from the University of Washington School of

10   Law with high honors, Order of the Coif. I served as Chief Articles Editor for the Washington Law

11   Review. Before joining Terrell Marshall, I served as a law clerk to the Honorable Betty B.

12   Fletcher, Senior United States Circuit Judge for the Ninth Circuit Court of Appeals, and to the

13   Honorable John C. Coughenour, Senior United States District Judge for the Western District of

14   Washington. I also served as a judicial extern to the Honorable Robert S. Lasnik, United States

15   District Judge for the Western District of Washington. I co-authored chapters of the Consumer

16   Protection Deskbook published by the Washington State Association for Justice (WSAJ) and

17   have spoken on topics including use of experts and personal jurisdiction in class actions. I am a

18   member of the Washington Employment Lawyers Association (WELA) Amicus Committee and

19   currently co-chair WSAJ's Consumer Protection Section. I was named to the 2020 Rising Star List

20   by Washington Super Lawyers.

21   **B.       Qualifications of other Terrell Marshall attorneys.**

22           4.       Beth E. Terrell is a founding member of Terrell Marshall. With over twenty years

23   of experience, Ms. Terrell concentrates her practice in complex litigation, including the

24   prosecution of consumer protection, defective product, and wage and hour class actions.  Ms.

25   Terrell has served as co-lead counsel on multi-state, multi-district, and nationwide class actions,

26   resulting in hundreds of millions of dollars in settlements for consumers and workers.  Ms.

27   DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 2
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Terrell also represents individual employees with wage and hour, workplace exposure, and

2   discrimination claims. Ms. Terrell has tried and won cases in state and federal courts and

3   argued before the Washington State Court of Appeals and the Washington State Supreme Court

4   as well as several federal circuit level courts. Ms. Terrell served as the President of the Public

5   Justice Foundation Board of Directors 2019 to 2020, serves on the Equal Justice Works' Board of

6   Counselors, and is Chair of both the Northwest Consumer Law Center and the Washington

7   Employment Lawyers Association. A member of the State Bar of California and the Washington

8   State Bar Association, Ms. Terrell co-chairs PLI's Consumer Financial Services Institute, and

9   frequently presents on a wide variety of topics, including class actions, consumer protection,

10  legal ethics, gender equity, and electronic discovery.

11        5.      Amanda M. Steiner became a member of Terrell Marshall in 2015. She practices

12  complex litigation, including the prosecution of consumer, defective product, wage and hour,

13  and civil rights class actions. Ms. Steiner received her J.D. from the UC Berkeley School of Law in

14  1997. Admitted in Washington, California, New York and Hawaii, she has authored briefs that

15  have resulted in numerous favorable decisions for plaintiffs in high-profile and complex

16  securities, antitrust, consumer and civil rights class action in federal and state courts

17  throughout the United States. Ms. Steiner was selected for inclusion in the annual Northern

18  California "Super Lawyers" list and was named to the Top 50 Women Lawyers of Northern

19  California. She is a Fellow of the American Bar Foundation.

20        6.      Ari Brown has been of counsel at Terrell Marshall since 2019. He graduated

21  magna cum laude from the Seattle University School of Law in 1999 and has been practicing law

22  in Washington since 1999. Before joining Terrell Marshall, Mr. Brown was a partner at Hagens

23  Berman Sobol Shapiro, a nationally recognized firm in Seattle. He concentrates his practice on

24  civil litigation in the area of consumer protection, especially pertaining to banking practices.

25        7.      Brittany Glass joined Terrell Marshall as an associate in 2018. Ms. Glass practices

26  complex litigation, including the prosecution of consumer, wage and hour, and civil rights class

27  DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 3
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

actions. In 2014, Ms. Glass received her J.D. from the University of Texas School of Law, Order of the Coif. Before joining Terrell Marshall, Ms. Glass was an associate at Nix, Patterson & Roach in Austin, Texas. Ms. Glass is a member of the Washington Employment Lawyers Association and the Washington State Association for Justice.

**C.     Other cases litigated by Terrell Marshall.**

8.     Examples of consumer debt collection class actions that Terrell Marshall is litigating or has litigated to successful completion include:

a.  *Long v. First Resolution Investment Corp.*—Filed in 2018 on behalf of Washington consumers against whom a debt buyer and its collection agency law firm obtained judgments when the debt buyer was not licensed as a collection agency. The King County Superior Court granted final approval of a settlement providing over $20 million in debt relief and $600,000 on August 28, 2020.

b.  *Miller v. P.S.C., Inc.*—Filed in 2017 on behalf of Washington consumers who alleged P.S.C. filed lawsuits against them using unlawful debt collection forms. The Western District of Washington granted final approval of a settlement that provided injunctive relief and $1.52 million on January 10, 2020.

c.  *Bowen v. CSO Financial, Inc., et al.*—Filed in 2017 on behalf of consumers in Washington who received unfair and deceptive debt collection notices that included threats of criminal prosecution. The Western District of Washington granted final approval of a settlement that provided injunctive relief and $345,000 on July 2018.

d.  *Dibb, et al. v. AllianceOne Receivables Management, Inc.*—Filed in 2014 on behalf of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution. The Western District of Washington granted final approval of the $1.9 million settlement on July 31, 2017.

e.  *Solberg, et al. v. Victim Services, Inc., et al.*— Filed in 2014 on behalf of California consumers who received false, misleading, and deceptive debt collection letters printed on the letter head

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 4
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   of county prosecuting attorneys. The District Court for the
    Northern District of California granted preliminary approval of
2   the settlement on March 31, 2021.

3      f.   *Cavnar, et al. v. BounceBack, Inc.*—Filed in 2014 on behalf of
            Washington consumers who received false, misleading, and
4           deceptive debt collection letters printed on the letterhead of
            county prosecuting attorneys. The Eastern District of
5           Washington granted final approval of the $530,000 settlement
6           on September 15, 2016.

7   9.   Examples of consumer protection class actions that Terrell Marshall is litigating

8   or has litigated to successful completion include:

9      a.   *Gold, et al. v. Lumber Liquidators, Inc.*—Filed in 2014 on behalf
            of a class of consumers who purchased defective flooring. The
10          Northern District of California granted final approval of the
            settlement, valued at up to $30 million, on October 22, 2020.
11

12     b.   *Van Fleet v. Trion Worlds, Inc.*—Filed in 2015 on behalf of a
            nationwide class of online video game players deprived of a
13          promised discount on purchases of virtual goods and who
            participated in an alleged illegal lottery. The San Mateo County
14          Superior Court granted final approval of a $420,000 settlement
            on June 1, 2020.
15

16     c.   *Wornicki v. BrokerPriceOpinion.com*—Filed in 2013 on behalf
            of a nationwide class of people who provided home valuations,
17          known as broker price opinions, but who were not paid for the
            opinions as promised. The District of Colorado granted final
18          approval of a settlement of more than $1.5 million on
            September 20, 2018.
19

20     d.   *Jordan v. Nationstar Mortgage, LLC*—Filed in 2012 on behalf of
            Washington homeowners who were improperly locked out of
21          their homes by their mortgage lender. The District Court for the
            Eastern District of Washington granted final approval of a $17
22          million settlement on May 2, 2019.

23     e.   *Lohr v. Nissan*— Filed in 2016 on behalf of Washington
            consumers who purchased or leased certain Nissan vehicles
24          with a factory-installed panoramic sunroof that is allegedly
            defective. The case is currently pending in the Western District
25          of Washington.

26

27  DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
    OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
    FEES, COSTS, AND SERVICE AWARDS - 5
    Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

f.  *Carrillo v. Wells Fargo Bank, N.A.*—Filed in 2018 on behalf of
borrowers who allege Wells Fargo charged them interest rates
on residential loans that were higher than the rates disclosed in
the bank's buydown agreements and closing disclosures. The
case is currently pending in the Eastern District of New York.

10.     Additional information about class actions litigated by Terrell Marshall is

available on our website www.terrellmarshall.com.

**D.      The prosecution of this action.**

11.     In the year and a half after the complaint was filed, the parties engaged in

substantial discovery including several hard-fought disputes presented to the Court. The parties

exchanged initial disclosures in June 2019. Thereafter, the parties exchanged multiple rounds of

written discovery requests and engaged in lengthy negotiations related to the scope of the

parties' respective requests. The parties reached impasse requiring Court intervention on two

occasions.

12.     Defendants ultimately produced tens of thousands of pages of documents that

Class Counsel analyzed, including payment data and documents regarding CDR's collection

policies and procedures and HNN's move-in/move-out policies and procedures and emails

between HNN and CDR related to those practices. Class Counsel devoted substantial staff time

to reviewing the more than 44,220 pages of move-out files Defendants produced, logging

inspection forms that did not describe the condition of the premises, files that documented

forfeited security deposits, and length of time from move out to sending of the move out

statement, and analyzing the resulting data to identify potential class members. Class Counsel

also used Defendants' data to prepare damages models for each type of alleged injury.

13.     Class Counsel deposed three representatives of HNN and a representative of

Columbia Debt Recovery. Class Counsel also sought information from third parties via public

records requests to the Washington State Housing Finance Commission and Housing Authority

of Snohomish County and subpoenas duces tecum to BSS Hauling & Clean Up Inc., Direct Carpet

Cleaning, and Hope Northwest.

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 6
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14.     On October 19, 2020, the parties participated in a full day mediation with Louis Peterson of Hillis Clark Martin & Peterson P.S. The parties did not reach a settlement but continued negotiations with Mr. Peterson's assistance. The parties agreed to the terms of the settlement on November 12, 2020, and fully executed the Settlement Agreement on December 16, 2020.

**E.     Terrell Marshall's lodestar.**

15.     Terrell Marshall has worked with no guarantee of being compensated for its time and efforts. Payment of Terrell Marshall's fees has always been contingent on successfully obtaining relief for the plaintiffs and proposed class members. As a result, there was a substantial risk of nonpayment, particularly in light of the challenges inherent in this type of case. Work on this case has necessarily been to the exclusion of work on other matters that likely would have generated fees. Terrell Marshall has also been denied use of the fees it earned over the course of this case.

16.     The work performed by paralegals and legal assistants was work that I or attorney would have had to perform absent such assistance. In the case of senior paralegals Jennifer Boschen and Jodi Nuss, the work required an understanding of the facts and claims at issue in the case and was important to the development of those facts and claims. Ms. Boschen's work included extensive data analysis that was instrumental to identifying class members and calculating damages. The work of Bradford Kinsey, Heather Brown, Holly Rota, Lauren Carter, Rachel Laux, and Rebecca Koltin-Shaw required an understanding of relevant legal rules and concepts, in particular these staff members' work allowed Class Counsel to provide the Court with an exhibit listing the members of the proposed classes as class certification. All of these staff members are qualified to perform substantive legal work based on their training and past experience working for attorneys.

17.     A spreadsheet that compiles the contemporaneously maintained billing records of Terrell Marshall attorneys and staff members is attached as **Exhibit 1**. I have redacted

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 7
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  information from the time reports that would reveal work product. I have reviewed these

2  billing records and reduced and eliminated time where appropriate. I eliminated time that was

3  administrative in nature and made reductions where time arguably could have been more

4  efficiently spent. The reductions I have made are shown in red. In total, I reduced Terrell

5  Marshall's time by more than 100 hours, which lowered the firm's lodestar by $19,450.

6      18.    I have not included any time spent preparing this motion in Terrell Marshall's

7  lodestar. I anticipate the firm will incur additional fees in relation to the approval and

8  settlement administration process, including preparing the motion for final approval, working

9  with the settlement administrator, and communicating with class members.

10     19.    The following table identifies the attorneys and staff members from Terrell

11  Marshall who worked on this case and for whom the recovery of fees is sought. For each of the

12  timekeepers below I have stated the current hourly rate, the number of hours worked through

13  December 31, 2020, and the total amount of fees. These time summaries are taken from the

14  contemporaneous, daily time reports prepared and maintained by Terrell Marshall in the

15  regular course of business and attached to my declaration.

| NAME AND POSITION | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|
| **ATTORNEYS** | | | |
| Beth E. Terrell<br>Founding Member<br>J.D. from Univ. of California, Davis School of Law, 1995 | $550 | 9.2 | $5,060.00 |
| Blythe D. Chandler<br>Member<br>J.D. from Univ. of Washington School of Law, 2010 | $425 | 287.90 | $122,357.50 |
| Amanda Steiner<br>Member<br>J.D. from UC Berkeley School of Law, 1997 | $500 | 22.4 | $11,200.00 |
| Ari Brown<br>Of Counsel | $500 | 65.3 | $32,650.00 |

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 8
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| NAME AND POSITION | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|
| J.D. from Seattle Univ. School of Law, 1999 | | | |
| Brittany Glass<br>Associate<br>J.D. from Univ. of Texas School of Law, 2014 | $325 | 432.40 | $140,530.00 |
| **PARALEGALS / LEGAL ASSISTANTS** | | | |
| Jennifer Boschen<br>Senior Paralegal<br>20 years legal experience | $175 | 225.7 | $39,497.50 |
| Jodi Nuss<br>Senior Paralegal<br>7 years legal experience | $175 | 25.60 | $4,480.00 |
| Heather Brown<br>Paralegal<br>18 years legal experience | $150 | 60.5 | $9,075.00 |
| Bradford Kinsey<br>Legal Assistant<br>28 years legal experience | $125 | 22.5 | $2,812.50 |
| Holly Rota<br>Legal Assistant<br>16 years legal experience | $125 | 10.10 | $1,262.50 |
| Jessica Langsted<br>Legal Assistant<br>4 years legal experience | $150 | 124.0 | $18,600.00 |
| Lauren Carter<br>Legal Assistant<br>2 years legal experience | $125 | 6.6 | $825.00 |
| Rachel Laux<br>Legal Assistant<br>1 year of legal experience | $125 | 160.3 | $20,037.50 |
| Rebecca Koltin-Shaw<br>Legal Assistant<br>1 year of legal experience | $125 | 189.6 | $23,700.00 |
| **TOTAL** | | **1642.1** | **$432,087.50** |

20.     Terrell Marshall's lodestar calculations are based on reasonable hourly rates.

Terrell Marshall sets rates for attorneys and staff members based on a variety of factors,

including among others: the experience, skill and sophistication required for the types of legal

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 9
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members.

**F.      Terrell Marshall's litigation expenses.**

21.      Terrell Marshall has incurred out-of-pocket litigation expenses totaling $10,225.94, primarily to cover expenses related to legal research, investigation, court reporter and transcript fees, filing fees, and administrative costs such as copying, mailing, and process service. The following chart summarizes Terrell Marshall's litigation costs:

| Category of Expense | Total |
|---|---:|
| Court document retrieval and PACER charges | $185.90 |
| Deposition and transcript costs | $5,673.70 |
| Meals | $54.17 |
| Mediation | $3,141.66 |
| Messenger and process service fees | $553.50 |
| Parking | $26.75 |
| Postage | $13.01 |
| Public record request charges | $283.96 |
| Westlaw | $293.29 |
| **TOTAL** | **$10,225.94** |

**G.      Class Counsel's lodestar and costs.**

22.      Collectively, Class Counsel devoted 2,147.3 hours to this case (before write downs) for a total lodestar of $666,474.50. The firms' hours and lodestar are summarized in this chart:

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 10
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| FIRM | TOTAL HOURS | TOTAL LODESTAR |
|------|------------|----------------|
| Terrell Marshall Law Group PLLC | 1642.1 | $432,087.50 |
| Law Office of Paul Arons | 250.4 | $137,720.00 |
| Leonard Law | 254.8 | $96,867.00 |
| TOTAL | 2147.3 | $666,674.50 |

23.     Collectively, Class Counsel incurred $10,701.82 in out-of-pocket litigation expenses. Class Counsel do not request reimbursement of their litigation expenses separate from the $600,000 fee request. The three firms' costs are summarized in this chart:

| Category of Expense | Total |
|---------------------|-------|
| Court document retrieval and PACER charges | $185.90 |
| Deposition and transcript costs | $5,673.70 |
| Filing fee | $242.49 |
| Lodging | $193.89 |
| Meals | $54.17 |
| Mediation | $3,141.66 |
| Messenger and process service fees | $553.50 |
| Parking | $26.75 |
| Postage | $13.01 |
| Public record request charges | $283.96 |
| Travel | $39.50 |
| Westlaw | $293.29 |
| TOTAL | $10,701.82 |

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 11
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**H.     Class representatives' contributions to the litigation.**

24.     Class Representatives Jammeh and Sallah request combined statutory damage and service award payments to each of them in the amount of $5,000, consisting of a $1,000 statutory damages award authorized by the FDCPA, 15 U.S.C. § 1692k(a)(2)(B), and $4,000 in recognition of their service to the Class. Jammeh and Sallah assisted in drafting the complaints and participated extensively with their counsel in responding to written discovery, including searching for and securing documents from foreign agencies and providing four sets of supplemental responses. Jammeh and Sallah also rejected an offer of judgment early in the case that would have mooted their claims and precluded their continued service as class representatives. Plaintiff Quintero requests a combined statutory damage and service award payment of $2,000. Ms. Quintero provided factual and documentary information regarding the claims and assisted in drafting Plaintiff's supplemental briefing regarding the FDCPA Subclass.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America] that the foregoing is true and correct.

EXECUTED this 7th day of April, 2021 at Seattle, Washington.


By: /s/Blythe H. Chandler, WSBA #43387
    Blythe H. Chandler, WSBA #43387

DECLARATION OF BLYTHE H. CHANDLER IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES, COSTS, AND SERVICE AWARDS - 12
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# Exhibit 3 – Terrell Marshall Costs

**Terrell Marshall Law Group PLLC**

CARE
Matter ID 2254-001
Costs Report

| Trans No | Date | Prof | Narrative | Units | Price | Value |
|---|---|---|---|---|---|---|
| **Component: Expert** | | | | | | |
| 380216 | 07/07/2020 | | Expert | 1.00 | 15,000.00 | 15,000.00 |
| | | | **Component: Expert** | 1.00 | | 15,000.00 |
| **Component: FedEx** | | | | | | |
| 354263 | 08/26/2019 | | FedEx Charges | 1.00 | 37.79 | 37.79 |
| 354266 | 08/19/2019 | | FedEx Charges | 1.00 | 41.60 | 41.60 |
| | | | **Component: FedEx** | 2.00 | | 79.39 |
| **Component: Filing Fee** | | | | | | |
| 354261 | 09/03/2019 | | Filing Fees | 1.00 | 600.00 | 600.00 |
| | | | **Component: Filing Fee** | 1.00 | | 600.00 |
| **Component: PACER** | | | | | | |
| 357731 | 10/15/2019 | | PACER | 1.00 | 0.70 | 0.70 |
| | | | **Component: PACER** | 1.00 | | 0.70 |
| **Component: Postage** | | | | | | |
| 350521 | 07/19/2019 | | Postage | 1.00 | 4.35 | 4.35 |
| | | | **Component: Postage** | 1.00 | | 4.35 |
| **Component: Westlaw** | | | | | | |
| 375026 | 04/14/2020 | | Westlaw Charges | 1.00 | 21.04 | 21.04 |
| 375027 | 04/20/2020 | | Westlaw Charges | 1.00 | 71.02 | 71.02 |

**Terrell Marshall Law Group PLLC**

CARE
Matter ID 2254-001
Costs Report

| Trans No | Date | Prof | Narrative | Units | Price | Value |
|----------|------|------|-----------|-------|-------|-------|
| 375028 | 04/21/2020 | | Westlaw Charges | 1.00 | 14.32 | 14.32 |
| 375029 | 04/22/2020 | | Westlaw Charges | 1.00 | 0.53 | 0.53 |
| 400208 | 02/26/2021 | | Westlaw Charges | 1.00 | 1.59 | 1.59 |
| 400394 | 01/07/2021 | | Westlaw Charges | 1.00 | 3.14 | 3.14 |
| 400395 | 01/12/2021 | | Westlaw Charges | 1.00 | 1.10 | 1.10 |
| 400396 | 01/19/2021 | | Westlaw Charges | 1.00 | 4.28 | 4.28 |
| 400397 | 01/21/2021 | | Westlaw Charges | 1.00 | 7.60 | 7.60 |
| 400398 | 01/22/2021 | | Westlaw Charges | 1.00 | 4.79 | 4.79 |
| 400399 | 01/25/2021 | | Westlaw Charges | 1.00 | 0.20 | 0.20 |
| 400400 | 01/27/2021 | | Westlaw Charges | 1.00 | 1.42 | 1.42 |
| 400401 | 01/29/2021 | | Westlaw Charges | 1.00 | 0.10 | 0.10 |
| | | | **Component: Westlaw** | 13.00 | | 131.13 |
| | | | **Grand Total:** | **19.00** | | **$15,815.57** |