The Honorable Thomas O. Rice

Charles M. Tebbutt, WSBA #47255
Jonathan D. Frohnmayer, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, WA 98117
(541) 285-3717

*Additional Counsel Identified on Signature Page to Plaintiffs' Motion*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

COMMUNITY ASSOCIATION
FOR RESTORATION OF THE
ENVIRONMENT, INC., a
Washington Non-Profit
Corporation; FRIENDS OF
TOPPENISH CREEK, a
Washington Non-Profit
Corporation,

        *and*

CENTER FOR FOOD SAFETY,
INC., a Washington D.C. Non-
Profit Corporation,

        Plaintiffs,

        v.

AUSTIN JACK DECOSTER, an
individual, DECOSTER
ENTERPRISES, LLC, a Delaware
limited liability company,
AGRICULTURAL
INVESTMENT-FUND II, a
Delaware limited liability company,
IDAHO AGRI INVESTMENTS,
LLC, an Idaho limited liability

Case No. 1:19-CV-3110-TOR

DECLARATION OF PAUL
KAMPMEIER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN
AWARD OF COSTS AND
ATTORNEYS' FEES

KAMPMEIER DECLARATION – 1
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

company, IDAHO DAIRY
HOLDINGS, LLC, and Idaho
limited liability company, DRY
CREEK DAIRIES, LLC, an Idaho
limited liability company,
WASHINGTON DAIRY
HOLDINGS, LLC, a Washington
limited liability company;
WASHINGTON AGRI
INVESTMENTS, LLC, a
Washington Limited liability
company; DBD
WASHINGTON, LLC, a
Washington
limited liability company; *and*
SMD, LLC, a
Washington limited liability
company,

   Defendants.

1.  My name is Paul Kampmeier. I am over the age of 18 and I have personal knowledge of the matters contained in this Declaration. I submit this Declaration in support of the motion for an award of litigation expenses, costs, and attorneys' fees submitted by Plaintiffs Community Association for Restoration of the Environment, Friends of Toppenish Creek, and Center for Food Safety (Plaintiffs) in case number 1:19-CV-3110-TOR. I make this Declaration based on personal knowledge and I am competent to testify to the matters contained herein if necessary.

## My Professional Qualifications

2.  Attached as Exhibit 1 to this Declaration is a true and correct copy of

KAMPMEIER DECLARATION – 2
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

my current resume.

3.    I received a Bachelor of Arts degree from the University of Michigan (Ann Arbor) in 1992 (with Honors) and received my Juris Doctor degree from the University of Washington School of Law in 2001 (with Honors, Order of the Coif). During law school I completed the Concentration in Environmental Law.

4.    I am an attorney and am employed by my law firm, Kampmeier & Knutsen, PLLC, of which I am a co-owner and co-manager. I have been licensed to practice law in the state courts of the State of Washington since 2001. I am also a member of the Supreme Court of the United States (admitted 2011); the U.S. Court of Appeals for the Ninth Circuit (admitted 2002); the U.S. District Court for the Eastern District of Washington (admitted 2002); and the U.S. District Court for the Western District of Washington (admitted 2001). I am a member in good standing of each court to which I have been admitted.

5.    I spend nearly all my professional time litigating cases involving state and federal environmental laws, and I have done so for nearly twenty-two years. Since my admission to the bar in 2001 I have focused my legal practice on enforcing and litigating under federal environmental laws, especially the federal Clean Water Act (CWA) and the federal Endangered Species Act (ESA). I also have significant experience challenging federal agency decisions under the federal Administrative Procedure Act (APA) and alleging violations of the National

KAMPMEIER DECLARATION – 3
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

Environmental Policy Act (NEPA), the ESA, the CWA, and other federal environmental laws. Because my clients often need assistance obtaining public records from state and federal agencies, I also represent them in public records cases under the Freedom of Information Act (FOIA) and Washington's Public Records Act, when requested. My current practice focuses on federal environmental litigation under the CWA, the ESA, the APA, the FOIA, and federal coastal zone laws.

6.    I have often lectured on environmental litigation at the University of Washington School of Law and the Seattle University School of Law. I have also lectured on federal environmental litigation at Lewis and Clark Law School in Portland, Oregon; Stanford Law School; Harvard Law School; and at Continuing Legal Education seminars in Oregon and Washington.

7.    Throughout my career, I have obtained or helped to obtain for my clients numerous precedent-setting and published decisions under the CWA, the ESA, the FOIA, and other statutes. *See, e.g.*, *Okanogan Highlands All. v. Crown Res. Corp.*, 544 F. Supp. 3d 1092 (E.D. Wash. 2021) (CWA case); *Okanogan Highlands All. v. Crown Res. Corp.*, 492 F. Supp. 3d 1149 (E.D. Wash. 2020) (CWA case); *Wild Fish Conservancy v. Cooke Aquaculture Pac. LLC*, No. C17-1708-JCC, 2019 U.S. Dist. LEXIS 204382 (W.D. Wash. Nov. 25, 2019) (CWA case); *Friends of the Earth v. U.S. Army Corps of Eng'rs*, 374 F. Supp. 3d 1045

KAMPMEIER DECLARATION – 4
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

(W.D. Wash. 2019) (FOIA case); *Olympic Forest Coal. v. Coast Seafoods Co.*, No. C16-5068RBL, 2016 U.S. Dist. LEXIS 72919 (W.D. Wash. June 3, 2016), *affirmed*, 884 F.3d 901 (9th Cir. 2018) (CWA case); *Nw. Envtl. Advocates v. U.S. Dep't of Commerce*, 283 F. Supp. 3d 982 (W.D. Wash. 2017) (ESA/CWA case); *Nw. Envtl. Advocates v. U.S. Dep't of Commerce*, No. C16-1866-JCC, 2017 U.S. Dist. LEXIS 185295 (W.D. Wash. Nov. 8, 2017) (ESA/CWA case); *Ctr. for Envtl. Law & Policy v. United States Fish & Wildlife Serv.*, 228 F. Supp. 3d 1152 (E.D. Wash. 2017) (CWA case); *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin.*, 99 F. Supp. 3d 1033 (N.D. Cal. 2015) (ESA case); *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238 (N.D. Cal. 2015) (ESA case); *Nw. Envtl. Def. Ctr. v. Decker*, 728 F.3d 1085 (9th Cir. 2013) (CWA case); *Sierra Club v. Salazar*, 961 F. Supp. 2d 1172 (W.D. Wash. 2013) (ESA case); *Audubon Soc'y of Portland v. U.S. Nat. Res. Conservation Serv.*, 841 F. Supp. 2d 1182 (D. Or. 2012) (FOIA case); *Carpenters Industrial Council v. Salazar*, 734 F.Supp.2d 126 (D.D.C. 2010) (ESA case); *Seattle Audubon Soc'y v. Sutherland*, No. CV06-1608MJP, 2007 U.S. Dist. LEXIS 31880 (W.D. Wash. May 2, 2007) (ESA case); *Seattle Audubon Soc'y v. Sutherland*, No. C06-1608MJP, 2007 U.S. Dist. LEXIS 55940 (W.D. Wash. Aug. 1, 2007) (ESA case); *Satsop Valley Homeowners Association v. Northwest Rock*, 126 Wash. App. 536, 108 P.3d 1247 (Div. II 2005); *Weber v.*

KAMPMEIER DECLARATION – 5
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

*P&D Development*, 122 Wash. App. 1028 (Div. II 2004).

8.      As a result of litigating cases that arise under federal environmental statutes, I am very familiar with many of the relevant statutory, regulatory, and permitting requirements, as well as the work that counsel must perform to ably prosecute such cases. In particular, I have become knowledgeable of: (a) the expertise required to prosecute such cases successfully; (b) the identity and availability of counsel in the Pacific Northwest who possess the expertise necessary to litigate such cases; and (c) the prevailing market rates for counsel who possess such expertise. In addition, I believe I am familiar with local conventions and expectations for the practice of law in the U.S. District Court for the Eastern District of Washington because, since 2001, I have litigated several environmental cases in this District.

9.      Because I have a similar practice to many of Plaintiffs' attorneys, I am very aware (from both my personal experience and from talking with other attorneys in my practice area) that plaintiff's attorneys who practice in this area are almost always extremely busy on multiple contingency-fee matters, which in my experience means they do not have the time or the resources to focus on issues, or to expend time on work, that is not going to *directly* move their client's case closer to a favorable resolution. In contingency-fee cases like this one, every single hour billed to a case, and every single cost incurred in a case, adds to the risk the

KAMPMEIER DECLARATION – 6
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

attorneys are taking. And effective plaintiff's attorneys want to minimize their risk, where that can be done without compromising their case or their client's interests, because that is how they succeed in the instant case, that is how they stay in business long enough to get to the next case, that is how they avoid taking significant cuts to their fees if they have to file a fee petition, and that is how they build a reputation and a career that will allow them to use their skills to help people and organizations protect the places and creatures they care about, which often motivates plaintiff-side environmental litigators. In short, in my experience, the contingent nature of the fee and counsel's understanding that the fee will be vigorously contested by a losing opponent almost always drives plaintiff's counsel to work on the issues that will move a case forward, to limit hours on those issues where possible, and to avoid working on issues that will not move a case toward a favorable resolution.

10. As part of my legal practice, I regularly draft and submit fee demands to defendants; I regularly assist with drafting fee petitions when our firm is counsel on a case; and I regularly settle my clients' claims for costs and attorneys' fees. I am also sometimes asked to review other attorney's timesheets and hourly rates and to provide my opinions, in a declaration such as this one or in discussions with my co-counsel, on the reasonableness of the hourly rates sought, the reasonableness of the time expended, and the excellence of the relief obtained;

KAMPMEIER DECLARATION – 7
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

consequently, I am very familiar with reviewing and evaluating attorney timesheets.

11.    As part of my legal practice, I also keep myself knowledgeable about reasonable market rates for attorneys with various experience levels by reading attorney fee decisions and talking with my colleagues and co-counsel in the environmental litigation community. Indeed, my business partner and I set our law firm's hourly rates for the four attorneys in our firm after discussions with other attorneys in the area that have knowledge of the hourly rates for attorneys in the region specializing in federal environmental litigation. I also learn what hourly rates clients and opposing counsel consider reasonable in the course of negotiating cost and fee settlements on behalf of my clients, which I do routinely.

## My Opinions on Plaintiffs' Hourly Rates

12.    I have been asked to provide my opinions about the reasonableness of the hours expended by Plaintiffs' counsel, the reasonableness of Plaintiffs' counsel's hourly rates, and the compensation sought by Plaintiffs for the above-captioned case. In addition to the materials mentioned herein, in coming to the conclusions I have reached in this Declaration I have reviewed the following documents: the docket report for this case, retrieved from PACER; Plaintiffs' notice letters; Plaintiffs' complaints filed in this case; the four motions to dismiss and the briefs filed in response and reply; the motion to strike the *Burford*

KAMPMEIER DECLARATION – 8
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

abstention argument and response and reply briefs; the Court's October 24, 2019 Order on the first motion to dismiss and on Plaintiffs' motion to strike; the Court's February 7, 2022 Order on three motions to dismiss, motion to unseal, and motion to expedite; Plaintiffs' motion to compel discovery and for sanctions; the Court's May 1, 2023 Order on Plaintiffs' motion to compel discovery; the consent decree and judgment for Plaintiffs entered in this case; declarations of Charles Tebbutt, Daniel Snyder, Amy van Saun, Andrea Rodgers, and Toby Marshall in support of Plaintiffs' fee petition; timesheets and/or cost summaries for this case from the Law Offices of Charles M. Tebbutt, P.C., the Center for Food Safety, the Terrell Marshall Law Group PLLC, and Andrea K. Rodgers; spreadsheets summarizing the timekeepers, hours, fees, hourly rates, and other information relevant to the fee petition being submitted in this case; the decision in *Red Lion Hotels Franchising, Inc. v. Century-Omaha Land, LLC*, E.D. Wash. Case No. 2:18-CV-0131-TOR, 2019 U.S. Dist. LEXIS 26152 (E.D. Wash. Feb. 19, 2019); the decision in *Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, No. 13-CV-3016-TOR, 2016 U.S. Dist. LEXIS 92110 (E.D. Wash. Jan. 12, 2016); and information, declarations, and cases relevant to attorney hourly rates in the U.S. District Court for the Eastern District of Washington.

13. Because the plaintiff-side environmental bar in the Pacific Northwest is a small community of people, I am very familiar with the expertise and

KAMPMEIER DECLARATION – 9
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

reputation of Charles Tebbutt, the lead attorney for Plaintiffs in this case, and I am familiar with the reputations of Daniel Snyder, Andrea Rodgers, and Amy van Saun. Like me, I believe all their legal practices focus on representing environmental plaintiffs, typically individuals or community or conservation groups, in federal environmental litigation. And like me, I believe each of those attorneys is very busy on multiple contingency-fee cases at any given time.

14.    One consideration—but by no means the only consideration—that informs my views on the hourly rates Plaintiffs' counsel are seeking here is that if Plaintiffs' attorneys worked for clients that could pay them out-of-pocket, then they would command the highest or close to the highest hourly rates in the market. There are very few attorneys willing to represent non-profit environmental organizations in environmental litigation; even fewer with the experience, qualifications, and skills necessary to win in court; and those attorneys that are willing and able to take on *and win* these kinds of cases are very busy and in very high demand. Relevant experience and the ability to win difficult, contested cases matters *a lot*, and it results in tremendous demand for some attorney's time, as well as litigation efficiencies that keep to a minimum the overall time billed to any given case. I believe the best environmental attorneys on the defense side charge hourly rates that equal or exceed the rates sought here. To build and maintain a practice as a plaintiff-side environmental litigator, one has to beat those attorneys

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

and their clients, regularly, in contested matters before federal judges. In my view, the fact that Plaintiffs' attorneys have been doing that for decades—and that they did it here—contributes to my opinion that the hourly rates they seek here are reasonable.

15.    Although I have known of and respected Mr. Tebbutt for decades—in particular for his work on *St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054 (9th Cir. 2009), *Nat'l Cotton Council of Am. v. U.S. Env't Prot. Agency*, 553 F.3d 927 (6th Cir. 2009), and *Sierra Club v. BNSF Ry. Co.*, No. C13-967-JCC, 2016 U.S. Dist. LEXIS 147786 (W.D. Wash. Oct. 25, 2016)—as far as I can recall it is only very recently that we have done any work together. Earlier this year, because of his trial experience in this District, I asked him to associate as trial counsel on a CWA case our firm is litigating before U.S. District Judge Mary Dimke. *See Okanogan Highlands Alliance, et al. v. Crown Resources Corporation, et al.*, E.D. Wash. case number 2:20-cv-00147-MKD. But we have done very little work together since he joined that case because it was subsequently referred to mediation and Mr. Tebbutt is not assisting with the mediation work. Additionally, in late 2020 or early 2021, because he was lead counsel on the seminal CWA attorney fee case in the U.S. Court of Appeals for the Ninth Circuit (*St. John's Organic Farm*), and at the time had recently litigated attorneys' fees in the U.S. District Court for the Western District of Washington

KAMPMEIER DECLARATION – 11
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

before U.S. District Judge John C. Coughenour (*Sierra Club v. BNSF Ry. Co.*), I asked him to review timesheets and hourly rates and provide an expert fee declaration in a CWA case I had before Judge Coughenour, for which I was then preparing a fee petition. Beyond those professional associations, however, I have no close personal relationship with Mr. Tebbutt; he does not refer cases or work to me so far as I know; and I had never worked with him in any capacity except those mentioned above until he asked for my opinions in this case.

16.    I view Mr. Tebbutt as an outstanding attorney that very effectively represents clients in difficult cases under federal environmental laws. Mr. Tebbutt is extremely well-regarded in Oregon and Washington and he has an outstanding reputation as an effective environmental litigator with a wide range of experience, and particular expertise with the Resource Conservation and Recovery Act (RCRA) and the CWA as applied to farms and concentrated feeding operations. I cannot think of any other attorney anywhere that could have handled this case better than Mr. Tebbutt and his law firm, and in fact I believe Mr. Tebbutt is in the very top tier of plaintiff-side environmental litigators in the country.

17.    Mr. Tebbutt is also known as an advocate who understands non-profit environmental organizations and how to represent them effectively in environmental cases. Because non-profit environmental organizations can rarely afford to pay attorneys by the hour, counsel for environmental plaintiffs must

KAMPMEIER DECLARATION – 12
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

usually recover their attorneys' fees from defendants at the end of a case after winning or favorably settling the case. I understand that is the case here—that Plaintiffs did not pay Plaintiffs' counsel during the case, but rather counsel will recover their costs and attorneys' fees from Defendants at the conclusion of the litigation. Given the non-profit status of the client and the contingent nature of the fee, such cases require attorneys to develop litigation strategies that avoid unnecessary costs, which nonprofit organizations often cannot afford, and that maximize the chance of winning a case while minimizing to the extent possible the attorney time a law firm invests in a case. Such cases are very risky for the attorneys taking them on because one can only prevail, and hence get paid, if the attorneys fully understand the statutes involved and the practice of environmental litigation. One must also understand the science and facts that will be at issue in or affect the litigation. And if an attorney cannot or does not win consistently then they simply cannot continue in the practice area. For these reasons, the fact that Mr. Tebbutt has been practicing public interest environmental law for more than thirty years is an extremely strong testament to his knowledge of federal environmental law, and to his judgment, skill, knowledge, reputation, and expertise in the practice area.

18.    Plaintiffs seek compensation for Mr. Tebbutt's time at the rate of $640 per hour for work performed from November 2018 through September 2023. In my

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

opinion Mr. Tebbutt could seek national rates instead of forum rates given the nature and scope of his practice and his professional expertise. In any event, I have reviewed a draft of Mr. Tebbutt's declaration that Plaintiffs are submitting in support of their fee petition, which explains the work Mr. Tebbutt performed on this case. Based on those materials, the materials listed above, what I know of market rates for attorneys who practice in this District, and what I know of Mr. Tebbutt's experience, reputation, and work history, I conclude that an hourly rate of $640 is quite reasonable for a lawyer of Mr. Tebbutt's experience and expertise for work done in this District.

19.    Plaintiffs seek compensation for Mr. Daniel Snyder's time at the rate of $512 per hour for work performed from January 2019 through September 2023. I have reviewed a draft of Mr. Snyder's declaration that Plaintiffs are submitting in support of their fee petition, which explains the work Mr. Snyder did on this case. I also reviewed his short website biography at Public Justice; considered that he was inducted into the Order of the Coif in law school; and considered that he practiced with Mr. Tebbutt in environmental litigation for over a decade. Based on those materials and considerations, the materials listed herein, and what I know of market rates for attorneys with similar experience and expertise who practice in this District, I conclude an hourly rate of $512 is reasonable for a lawyer of Mr. Snyder's experience and expertise for work in this District.

KAMPMEIER DECLARATION – 14
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

20.    Plaintiffs seek compensation for Mr. Jon Frohnmayer's time at the rate of $425 per hour for work performed from November 2022 through September 2023. I do not know Mr. Frohnmayer, nor do I have any information about his professional reputation. But I have reviewed Mr. Frohnmayer's timesheets for this case, as well as related docket materials, and I believe Mr. Tebbutt has employed Mr. Frohnmayer at his law firm for nearly a year and that Mr. Tebbutt would not have employed him for that long or given him several hundred hours of work on this case if Mr. Frohnmayer was not a competent and professional attorney. Moreover, I have no reason to think Mr. Frohnmayer is not just that, and his timesheets and work for Mr. Tebbutt lead me to conclude he is a capable professional. Finally, an important consideration for me regarding Mr. Frohnmayer's hourly rate is that, based on my review of a spreadsheet Plaintiffs' counsel prepared for the fee petition, his requested rate appears consistent with the hourly rates approved in *Red Lion Hotels Franchising, Inc. v. Century-Omaha Land, LLC*, E.D. Wash. Case No. 2:18-CV-0131-TOR, after adjustments. Based on those materials and considerations, the materials listed herein, and what I know of market rates for attorneys with similar experience and expertise who practice in this District, I conclude an hourly rate of $425 is reasonable for a lawyer of Mr. Frohnmayer's experience and expertise for work in this District.

21.    Plaintiffs seek compensation for Mr. Parker Jones' time at the rate of

KAMPMEIER DECLARATION – 15
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

$330 per hour for work performed from January 2019 through September 2022. I do not know Mr. Jones, nor do I have any information about his professional reputation. But I have reviewed Mr. Jones' timesheets for this case, as well as related docket materials, and I believe Mr. Tebbutt employed Mr. Jones at his law firm for nearly four years and that Mr. Tebbutt would not have employed him for that long or given him a thousand hours of work on this case if Mr. Jones was not a competent and professional attorney. Moreover, I have no reason to think Mr. Jones is not just that, and his timesheets and work for Mr. Tebbutt lead me to conclude he is a capable professional. Finally, as with Mr. Frohnmayer, an important consideration for me regarding Mr. Jones' hourly rate is that, based on my review of a spreadsheet Plaintiffs' counsel prepared for the fee petition, the hourly rate requested for Mr. Jones appears consistent with the hourly rates approved in *Red Lion Hotels Franchising, Inc. v. Century-Omaha Land, LLC*, E.D. Wash. Case No. 2:18-CV-0131-TOR, after adjustments. Based on those materials and considerations, the materials listed herein, and what I know of market rates for attorneys with similar experience and expertise who practice in this District, I conclude an hourly rate of $330 is reasonable for a lawyer of Mr. Jones' experience and expertise for work in this District.

22.    Plaintiffs seeks compensation for Andrea Rodgers time at the rate of $590 per hour for work performed from May 2019 through September 2023. I have

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

known Ms. Rodgers for approximately fifteen years and have followed her work on important climate-related cases for several years now. I also reviewed Ms. Rodgers' timesheets for this case, which explain the work she performed in this matter, and considered Mr. Tebbutt's declaration regarding the importance of his conferrals with Ms. Rodgers. I understand the critical importance of conferring with co-counsel on litigation strategy because that is an invaluable part of my own practice. Based on those materials and considerations, the materials listed above, what I know of market rates for attorneys with similar experience and expertise who practice in this District, and what I know of Ms. Rodgers' experience, reputation, and work history, I conclude an hourly rate of $590 is reasonable for a lawyer of her experience and expertise for work done in this District.

23. Plaintiffs seek compensation for Amy van Saun's time at the rate of $490 per hour for work performed from August 2019 through September 2023. I have known Amy van Saun for several years; I have followed some of their work, notably their firm's case challenging a CWA permit authorizing aquaculture activities in Washington State; and I have met with them and talked with them by phone about professional matters on several occasions. I also know Mr. George Kimbrell, who also works at the Center for Food Safety, and I know that organization to be staffed by very competent attorneys who work on complex environmental issues. I reviewed a draft of the declaration of Amy van Saun that

KAMPMEIER DECLARATION – 17
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

Plaintiffs are submitting in support of their fee petition, which explains the work

Amy van Saun did on this case. And in evaluating the requested hourly rate for

Amy van Saun I considered a spreadsheet Plaintiffs' counsel prepared for the fee

petition, in which the rate for Amy van Saun appears consistent with the hourly

rates approved in *Red Lion Hotels Franchising, Inc. v. Century-Omaha Land, LLC*,

E.D. Wash. Case No. 2:18-CV-0131-TOR, after adjustments. Based on those

materials and considerations, the materials listed herein, and what I know of

market rates for attorneys with similar experience and expertise who practice in

this District, I conclude an hourly rate of $490 is reasonable for a lawyer of Amy

van Saun's experience and expertise for work in this District.

24.    I am not familiar with the reputations, experience, or expertise of the

attorneys at Terrell Marshall Law Group, PLLC. I have, however, noted that

Terrell Marshall has worked with Mr. Tebbutt's firm on multiple cases, including

on at least on other CAFO case in this District and in representing the Lummi

Nation against Cooke Aquaculture. I reviewed Terrell Marshall's website and read

Mr. Marshall's declaration supporting that firm's time and rates in this case, and I

also considered Mr. Tebbutt's discussion of their case contributions. Their

attorneys appear very competent to provide litigation support in this matter and,

given those considerations and the number of years they have practiced, I believe

the hourly rates they are seeking for their time are reasonable.

KAMPMEIER DECLARATION – 18
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

25.     I believe Plaintiffs' counsel's hourly rates are reasonable for yet another reason. In my experience, attorneys litigating environmental cases against private defendants, like this one, almost always seek compensation for their time based on the reasonable market rates in effect at the time of the fee negotiation or fee award. Given that, I believe it is reasonable for Mr. Tebbutt and Plaintiffs' other attorneys to seek compensation at 2023 hourly rates for all work performed throughout the litigation.

26.     Overall, in my opinion the hourly rates sought by Plaintiffs are commensurate with the hourly rates of other attorneys representing plaintiffs in environmental litigation in the U.S. District Court for the Eastern District of Washington. They are commensurate with the hourly rates our law firm seeks for attorney time on federal environmental contingency-fee cases filed in this District; indeed, our firm regularly recovers attorneys' fees in such cases through negotiated settlements that are based on hourly rates that are in line with the rates Plaintiffs seek here. And I believe they are consistent with fee decisions from this Court, including *Red Lion Hotels Franchising, Inc. v. Century-Omaha Land, LLC*, E.D. Wash. Case No. 2:18-CV-0131-TOR, and *Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, E.D. Wash. Case No. 13-CV-3016-TOR. For these and other reasons, I believe the hourly rates requested by Plaintiffs are reasonable market rates in this forum for attorneys with similar experience and expertise.

KAMPMEIER DECLARATION – 19
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

## My Opinions on the Reasonableness of the Time Expended

27.    I spent approximately three hours reviewing the timesheets Plaintiffs'

counsel are submitting in support of Plaintiffs' fee petition and, in my opinion, all

the hours billed are reasonable because they were incurred in reasonable efforts to

win this case and not spent on obviously extraneous tasks; much of Plaintiffs' work

was in response to Defendants' motions practice and Defendants' approach to

discovery; there appears to be very little duplicative time because Mr. Tebbutt

appears to have ably delegated work to different attorneys working on the case and

then supervised the completion of that work while handling communications with

the clients, opposing counsel, and the Court; Mr. Tebbutt delegated much work to

attorneys with lower hourly rates; I found no block billing; I found almost no

timesheet entries that raised a question about whether the amount of time spent on

a task was reasonable, and when I did see such an entry I could quickly conceive of

a legitimate reason why the work would take the time it did; and from the docket

report and timesheet entries it appears to me (1) that from the start Plaintiffs

worked on settling this case, (2) that Plaintiffs only litigated where and when

necessary to win an issue that was standing in the way of settling or obtaining a

favorable judgment, and (3) that Plaintiffs' counsel stayed or paused this case on

several occasions to explore settlement, which I know from my experience and

review of the timesheets almost certainly limited the hours billed to the case.

KAMPMEIER DECLARATION – 20
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

28.    In addition, in my view, successful prosecution of this case required multiple attorneys and multiple law firms to handle all the work, and to ensure there were sufficient experienced attorneys to discuss litigation strategy and to direct more complicated aspects of the litigation when needed. If my firm had done this case we almost certainly would have associated with another law firm, or two, to make sure we could do all the work required and to make sure we had both experienced attorneys we could strategize with and less-experienced attorneys who could take on significant work at lower hourly rates (*e.g.*, document review, deposition preparations, drafting notice letters, motions practice, etc.). In my experience, having multiple attorneys at multiple firms work on a case often allows Plaintiffs to match the resources defendants bring to a case, which usually helps plaintiffs win key, heavily-disputed issues early, as it appears happened here, which often results in a faster resolution and hence a lower overall fee.

29.    Another two considerations that inform my opinion that the hours expended are reasonable are that there are nine Defendants in this case represented by multiple law firms in multiple states, many of which withdrew during the litigation. The large number of Defendants necessarily means Plaintiffs had to conduct significantly more work to identify the people or entities responsible for managing the facilities; to notify them of alleged violations; to add them to the case; to fight and defeat motions to dismiss (of which there were four); to conduct

KAMPMEIER DECLARATION – 21
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

discovery and to resolve discovery disputes; to review disclosed materials; and to conduct settlement discussions. And the large and ever-changing number of defense counsel, from all over the country, almost certainly increased the time Plaintiffs' counsel spent communicating with opposing counsel, helping them get up to speed on the case, and resolving outstanding issues like discovery disputes. The fact that Defendants had so many attorneys on the case also validates my view that this case required Plaintiffs to have numerous attorneys available to perform work and to manage what I assume were extensive communications between counsel, experts, and clients.

      30.    In my opinion, the costs and attorneys' fees in this case would have been far lower if the Defendants or the operators of the facilities in question had taken a more cooperative and transparent approach to resolving the case. They did not have to roll over and concede liability. But Defendants could have acknowledged the risk that their lagoons and other dairy practices were polluting local ground and drinking water sources; they could have worked with the Plaintiffs and Plaintiffs' counsel to confirm that and to devise solutions to any problems identified; and they could thereby have kept their own and Plaintiffs' litigation costs and fees to a minimum. Instead, it appears at least some of the operators of the facilities used shell companies to avoid being identified and brought into the litigation; they filed four motions to dismiss—something I have

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

not seen in twenty-two years of litigating environmental cases—and lost all or most of them; they appear to have engaged in discovery practices that increased the time and cost of the litigation for them and for Plaintiffs; and they forced Plaintiffs' counsel to vigorously defend Plaintiffs' litigation and discovery decisions, all of which increased Plaintiffs' costs and attorneys' fees. From my review of the timesheets, the attorneys' fees are what they are because of Defendants' conduct, not because Plaintiffs' counsel spent an unreasonable amount of time on the case or on any individual tasks. Surely Defendants have a right to defend; but in my view they should not be heard to complain too loudly about requested fees if they defend vigorously and thereby drive up Plaintiffs' costs and attorneys' fees, especially when they had other options available to them.

31.    I also think the hours expended are reasonable because of the difficulty of the questions involved and the work required to meet Plaintiffs' burden of proof. Sometimes a plaintiff can bring and win a significant environmental case based solely or largely on documents and information that can be obtained from federal or state agencies or local governments. For example, if a plaintiff challenges a federal agency action, alleging the action violates the National Environmental Policy Act or the Endangered Species Act, then the United States will create and serve on the parties an administrative record that the court will use to evaluate the claims challenging the agency action. But here, Plaintiffs

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

challenged conduct that was almost certainly hidden from view—discharges of pollution to groundwater—that was occurring on private land, not accessible to the public, in a relatively remote location. Public records almost certainly played a role in Plaintiffs' ability to investigate and prove their claims; but I would expect the time and labor required to prove the allegation of groundwater pollution occurring on private lands to be very significant, and to require extensive work by counsel and their experts, and those considerations factor into my opinion that the time counsel spent on this case was reasonable. For these same reasons, I would expect the majority of plaintiff-side attorneys to be very reluctant to take this case given the difficulty of meeting Plaintiffs' burden of proof to show groundwater pollution from activities on non-public lands.

32.    Based on my review of Plaintiffs' counsel's timesheets, the papers I read from this case, and my experience litigating federal environmental cases in this District and elsewhere, I believe the time Plaintiffs' counsel expended on this case and for which Plaintiffs seek compensation was reasonably incurred and necessary to the results achieved.

**My Opinions on the Relief Obtained**

33.    I believe Plaintiffs obtained excellent results and that they should be awarded a fully compensatory fee. I read the consent decree and I have to think Plaintiffs must be thrilled with the relief obtained against the two large dairies at

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

issue, which consistent with the complaints includes obligations to double line or abandon at least six potentially-polluting manure lagoons; imposes extensive requirements for decommissioning manure lagoons; sets forth processes and timelines for remediating contaminated soils at the facilities to further reduce any water pollution from the sites, to be paid for by Defendants; requires water quality monitoring of nitrate and other pollutants; imposes extensive obligations on manure applications and field management, including nitrogen- and phosphorus-based manure application limits and monitoring of soil moisture levels to control application rates to protect groundwater; requires inspections of underground pipes and conveyances to detect and repair any leaky infrastructure; imposes limits on the storage of silage, management of stormwater, and composting areas; funds a drinking water project to supply clean drinking water supplies to concerned neighbors; obligates Defendants to pay Plaintiffs significant funds for at least five years to monitor implementation of the consent decree; and makes Plaintiffs prevailing parties, thereby obligating Defendants' to pay Plaintiffs' reasonable costs and attorneys' fees. Plaintiffs—concerned citizens and neighbors—brought this case because they were concerned about groundwater pollution, including pollution of drinking water supplies, from the dairies. The relief they obtained is extraordinary and designed to force Defendants to do everything possible to control any pollution from the facilities at issue.

KAMPMEIER DECLARATION – 25
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

34.     Over the course of my career, I have watched both inexperienced and experienced attorneys struggle with federal environmental cases because of the complexity of the statutes and case law, the amount of work involved, and the wherewithal of both governmental and corporate defendants. In my opinion, Plaintiffs' successful prosecution of this case required counsel with extensive experience, special expertise, familiarity with environmental litigation under RCRA and the CWA, and a long familiarity with environmental issues in the Pacific Northwest. It required very experienced attorneys, and a lot of attorneys, to prosecute and win this case. It required a lot of work, a lot of persistence, and a lot of patience. And it required Plaintiffs' counsel to bring the correct defendants into the case, to defend those choices in federal court, and to make the Defendants see that they were very likely to be held accountable under RCRA—no small task. But it was worth it: Plaintiffs obtained an enforceable, federal court order with comprehensive obligations to manage the site more carefully to protect groundwater. There is no question Plaintiffs obtained excellent relief that achieved the primary goals of the litigation. And I see no basis in the docket or the timesheets to reduce Plaintiffs' cost and fee award by any significant amount.

35.     In my opinion, the overall fee sought is within the range of reasonable fees for cases of this type. Environmental citizen suits can take a lot of attorney and expert time—they can be very expensive to bring and to resolve—for a variety

KAMPMEIER DECLARATION – 26
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

of reasons, including the complexity of the statutes and the defenses available to defendants; the factual and scientific questions at issue, which almost always require testimony from numerous experts; and the potential costs of compliance for defendants, which can be very significant and so can impede early settlement and push defendants to vigorously defend the lawsuit. Plaintiffs' fees in relatively straight-forward ESA or CWA cases can easily exceed a few hundred thousand dollars. And in my opinion, it is now fairly typical for Plaintiffs' costs and fees in vigorously defended cases—even those that settle—to exceed a million dollars and to approach two million dollars. It does not surprise me at all that Plaintiffs' fees and costs, which include over $200,000 in expert costs, well exceed a million dollars here, and I do not see anything unreasonable with the overall fee.

36.     Finally, I have reviewed summaries of costs from the law firms representing Plaintiffs in this case, totaling $42,310 (exclusive of my time), and I see no reason to conclude that the costs incurred were not reasonable in these circumstances.

37.     In my opinion, the hourly rates, hours expended, costs, and overall fees requested by Plaintiffs in this case are reasonable. It was reasonable for Plaintiffs' counsel to do the work they did; they spent reasonable amounts of time on the tasks they needed to complete; the costs they incurred are reasonable; and they achieved excellent results for their clients. In my opinion, Plaintiffs' counsel

KAMPMEIER DECLARATION – 27
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

should be awarded a fully compensatory fee and reimbursement for all their costs.

38.      I spent at least 23.6 hours reviewing materials, considering issues, speaking with Plaintiffs' counsel, and preparing this Declaration. The market rate from my time is $590 per hour.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 15th day of September 2023 at Seattle, Washington.

/s Paul A. Kampmeier_____
Paul A. Kampmeier, WSBA No. 31560

KAMPMEIER DECLARATION – 28
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I electronically filed the foregoing document, including Exhibit 1, on the Court's CM/ECF filing system, which will automatically serve the following counsel of record:

| | |
|---|---|
| Gary H. Baise | gbaise@ofwlaw.com |
| Jay Carroll | jcarroll@hnw.law |
| Amy van Saun | avansaun@centerforfoodsafety.org |
| Toby Marshall | tmarshall@terrellmarshall.com |
| Blythe H. Chandler | bchandler@terrellmarshall.com |
| Andrea K. Rodgers | andrearodgers42@gmail.com |
| Daniel C. Snyder | dsnyder@publicjustice.net |

/s/ Jonathan D. Frohnmayer

Jonathan D. Frohnmayer
Law Offices of Charles M. Tebbutt

KAMPMEIER DECLARATION – 29
Case No. 1:19-CV-3110-TOR

Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, Washington 98117
(541) 285-3717

# Exhibit 1

# PAUL AUGUST KAMPMEIER
705 Second Avenue, Suite 901 * Seattle, Washington 98104 * (206) 858-6983

**WORK EXPERIENCE**

**Kampmeier & Knutsen, PLLC**, Seattle, Washington, *Member and Attorney*, June 2015 – present.
* Practice focuses on representing non-profit organizations in litigation and advocacy to enhance protection for wildlife, clean water, and the environment in Washington and Oregon.
* Areas of federal practice include the Clean Water Act, Endangered Species Act, Administrative Procedure Act, National Environmental Policy Act, Coastal Zone Act Reauthorization Amendments of 1990, and Freedom of Information Act.
* Areas of state law practice include the Washington Administrative Procedure Act, Forest Practices Act, State Environmental Policy Act, Public Disclosure Act, and state land use law.
* Clients include Northwest Environmental Advocates, Northwest Environmental Defense Center, Olympic Forest Coalition, Wild Fish Conservancy, Okanogan Highlands Alliance, Friends of the Earth, Oregon Wild, Conservation Northwest, and WildEarth Guardians.

**Washington Forest Law Center**, Seattle, Washington, *Attorney at law*, January 2005 – June 2016.
* Practice focused on representing non-profit organizations in litigation and advocacy to enhance protection for wildlife, forests, and clean water on state and private timberlands in Washington and Oregon.
* Responsible for all aspects of legal representation including client relations, identification of issues and desired remedies, legal strategy, political advocacy, factual and legal research, record development, all aspects of litigation and appellate work, settlement negotiations, and media.
* Extensive experience working to address water pollution, degradation of salmon habitat, and protection and recovery of northern spotted owls and marbled murrelets.
* Notable cases include *Decker v. Northwest Environmental Defense Center*, 568 U.S. 597, 133 S.Ct. 1326 (2013) (Clean Water Act case concerning logging road pollution; lead counsel from case inception through the petition for certiorari proceedings; co-lead counsel at the U.S. Supreme Court) and *Seattle Audubon Society v. Sutherland*, W.D. Wash. Case No. 06-1608-MJP (Endangered Species Act case concerning alleged taking of northern spotted owls by the Weyerhaeuser Company and the State of Washington; co-lead counsel through four-day preliminary injunction hearing and subsequent settlement).
* Representative clients included Sierra Club, Northwest Environmental Defense Center, Olympic Forest Coalition, Seattle Audubon Society, and the Quinault Indian Nation.

**Smith & Lowney, PLLC**, Seattle, Washington, *Attorney at law (Of counsel)*, Oct. 2001 – Dec. 2004.
* Represented non-profit organizations and citizens in public interest environmental, land use, public disclosure, and consumer protection litigation, including in numerous cases under the federal Clean Water Act and Endangered Species Act.
* Significant lead counsel experience; in most cases responsible for all aspects of legal representation.
* Co-counsel on numerous consumer protection class action lawsuits, including the *Artificially Colored Farmed Salmon* cases.
* Briefed and argued three cases before the Washington State Court of Appeals (won two).
* Representative clients included Washington Toxics Coalition, Puget Soundkeeper Alliance, People for Puget Sound, the Center for Environmental Law & Policy, and the Satsop Valley Homeowners Association.

**Taichung YMCA**, Taichung, Taiwan, Republic of China, *English Teacher*, Sept. 1995 – Jan. 1997.

**Jeflion Investment Company**, Wilmington, Delaware, *Account Supervisor*, Sept. 1993 – May 1995.

# PAUL AUGUST KAMPMEIER
705 Second Avenue, Suite 901 * Seattle, Washington 98104 * (206) 858-6983

## EDUCATION

**University of Washington School of Law**, Seattle, Washington, *Juris Doctor,* June 2001.
* Graduated with Honors (top 10% of class, *Order of the Coif*).
* Completed the *Concentration in Environmental Law*.
* Washington Environmental Council, Legal Intern, January – June 2001.
* Montgomery Purdue Blankinship & Austin, PLLC, Law Clerk, June – August 2000.
* American Rivers, Legal Intern, June – September 1999.

**The Taipei Language Institute**, Taichung, Taiwan, Republic of China, October 1995 – July 1996.
* Completed intermediate Chinese conversation classes.

**The University of Michigan**, Ann Arbor, Michigan, *Bachelor of Arts (History)*, December 1992.
* Graduated with Honors (3.62 GPA) in three and a half years.

## SERVICE, EXPERIENCE, & OTHER QUALIFICATIONS

* Admitted to practice in the Supreme Court of the United States, the U.S. Court of Appeals for the Ninth Circuit, the U.S. District Court for the Eastern and Western Districts of Washington, and the Washington state courts.
* Northwest Fund for the Environment, President, 2020 – present; Board member, 2016 – present.
* Vashon Nature Center, Board of Directors and Secretary, 2018 – present.
* Olympic Forest Coalition, Board of Directors, 2010 – 2017.
* Puget Soundkeeper Alliance, Legal Committee, 2005 – 2008.
* Washington Environmental Council, Legal Committee, 2002 – 2007.
* Traveled extensively throughout South and Southeast Asia (Taiwan, the Philippines, Thailand, Laos, Vietnam, Cambodia, Hong Kong, Singapore, Indonesia, and India), Central America (Costa Rica, Nicaragua, Honduras, Guatemala, Mexico), the United States, and Canada.
* Other interests include fly-fishing, hiking, birding, reading, and spending time with my family.

## PRESENTATIONS & PUBLICATIONS

* Past frequent guest lecturer at law schools, including the University of Washington School of Law, Seattle University School of Law, Lewis & Clark Law School, Stanford Law School, and Harvard Law School.
* Author, *Enough is enough!  Stormwater Discharged from Man-Made Pipes, Ditches, and Channels Along Logging Roads is Not Nonpoint Source "Natural Runoff"*, published by Lewis & Clark Law School in *Environmental Law*, 43 Envtl. L. 757 (2013).
* Author, *Are Clean Water Act permits required for stormwater pollution from industrial logging roads?*, published by the American Bar Association in *Trends*, Volume 43, Number 5, May/June 2012.
* Presenter, *The Clean Water Act and Logging Roads*, Pacific Northwest Timberlands CLE, Portland, Oregon, April 27, 2012.
* Presenter, *Northwest Environmental Defense Center v. Brown: Overview and Perspectives*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2011.
* Presenter, *Roads & Clean Water: New Tools for an Old Problem*, Public Interest Environmental Law Conference, Eugene, Oregon, February 2010.

**PAUL AUGUST KAMPMEIER**
701 Second Avenue, Suite 901 * Seattle, Washington 98104 * (206) 858-6983

*   Presenter, *Forest Roads as Point Sources?*, Pacific Northwest Timberlands CLE, Portland, Oregon, February 28, 2008.
*   Presenter, *ESA Section 9 Actions Against State Agencies*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2008.
*   Presenter, *Roads & Clean Water:  New Tools for an Old Problem*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2006.
*   Presenter, *Land Use Litigation for Environmental Protection*, Public Interest Environmental Law Conference, Eugene, Oregon, March, 2005.