Charles M. Tebbutt, WSBA #47255
Jonathan D. Frohnmayer, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
3026 NW Esplanade
Seattle, WA 98117
(541) 285-3717

*Additional Counsel Identified on Signature Page*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, INC., a Washington non-profit corporation; FRIENDS OF TOPPENISH CREEK, a Washington non-profit corporation; *and* CENTER FOR FOOD SAFETY, a Washington, D.C. non-profit corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>AUSTIN JACK DECOSTER, an individual, DECOSTER ENTERPRISES, LLC, a Delaware limited liability company, AGRICUTURAL INVESTMENT-FUND II, LLC, a Delaware limited liability company, IDAHO AGRI INVESTMENTS, LLC, an Idaho limited liability company, IDAHO DAIRY HOLDINGS, LLC, an Idaho limited liability company, DRY CREEK DAIRIES, LLC, an Idaho limited liability company, WASHIGNTON AGRI INVESTMENTS, LLC, a Washington limited liability company, WASHINGTON DAIRY HOLDINGS, LLC, a Washington limited liability company, DBD WASHINGTON, LLC, a Washington | Case No. 1:19-CV-3110-TOR<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' AND EXPERT WITNESSES' FEES AND COSTS (ECF No. 184) |

| | |
|---|---|
| 1 | limited liability company; and SMD, LLC, a Washington limited liability company, |
| 2 | Defendants. |

PLFS' REPLY IN SUPP. OF MOT.
FOR FEES AND COSTS (ECF No. 184)                                                        - ii

Plaintiffs respectfully submit this Reply in Support of Plaintiffs' Motion for Fees and Costs (ECF No. 184). Defendants' opposition is remarkable for what it lacks: any specific, substantive arguments that Plaintiffs' attorneys were unreasonable in their time or rates. Instead, Defendants resort to conclusory and unsupported rhetoric, ignoring cases cited by Plaintiffs and inviting the Court to fly speck Plaintiffs' time records without any specific objections to any particular time entry, save for entries totaling just 106.5 out of Plaintiffs' 2,997.9 attorney hours (*i.e.*, 3.5% of total hours). Defendants bore the "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy or reasonableness of the hours charged or facts asserted by the prevailing party[.]" *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citation omitted). Defendants come up far short, and the Court should grant Plaintiffs' Motion as submitted, together with further "fees on fees," as detailed in **Appendix A** hereto.

I.   **PLAINTIFFS PREVAILED, AND NO SPECIAL CIRCUMSTANCES WARRANT AGAINST A FEES AND COST AWARD**

While Plaintiffs are undisputedly the prevailing party, Defendants instead appear to argue that "special circumstances" exist to such a degree that Plaintiffs' demand should be reduced by over ***80%*** to $350,000. ECF No. 186, "Fee Opp." at 6-12. To prop up this argument, Defendants rely on a concurrence from a Tenth Circuit case, failing to provide any relevant citation to RCRA fee decisions in this

Circuit or in this District. *Id.* at 7 (citing *Browder v. City of Moab*, 427 F.3d 717 (10th Cir. 2005)). Nothing in *Browder* suggests the Court has discretion to simply deny the instant motion, and *Browder* explicitly acknowledges the Supreme Court's instruction in *Hensley* that a prevailing party "should *ordinarily* recover an attorney's fee unless special circumstances would render such an award unjust." *Browder*, 427 F.3d at 721 (emphasis in original).

The controlling precedent is *St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1064 (9th Cir. 2009), in which the Ninth Circuit held that it is "the rule rather than the exception" that fees and costs are awarded to the prevailing party. Only "special circumstances" warrant a departure from the rule. *See also Cmty Ass'n for Rest. of the Env't v. Cow Palace, LLC*, 13-CV-3016-TOR, 2016 U.S. Dist. LEXIS 92110, at *9-10 (E.D. Wash. Jan. 12, 2016) (applying holding of *St. John's Organic Farm* to RCRA fee motion).

Confusingly, Defendants claim that "this doctrine does not apply," but in the next sentence argue the Court should reduce Plaintiffs' award to just $350,000, apparently based on the same doctrine. Fee Opp. at 9-10. At no point do Defendants identify any specific "special circumstances" that would warrant a departure from the rule. Thus, the "lodestar" analysis should apply giving due "defer[ence] to the winning lawyer's professional judgment as to how much time" was required. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015).

## II. NON-FORUM RATES SHOULD BE AWARDED

Defendants next weakly challenge the hourly rates that Plaintiffs request, making five closely related arguments, each addressed in turn:

***First***, Defendants claim Plaintiffs did not carry their burden to show that non-forum rates should be utilized. Defendants proffer no contrary evidence that other attorneys in this forum would have accepted representation on a contingency fee basis. Defendants muster only bare argument, devoid of factual or legal citation. *See* Fee Opp. at 13-14.

Plaintiffs carry their burden for non-forum rates by showing that local counsel is unavailable, either because of unwillingness or inability to perform due to lack of experience, expertise, or specialization. *See Barjon v. Dalton*, 134 F.3d 496, 500 (9th Cir. 1997). Defendants do not and cannot refute that the *only* attorneys bringing RCRA litigation against CAFOs in Washington have been the undersigned counsel. ECF No. 184 at 14.

Defendants claim that Friends of Toppenish Creek did not attempt to find other local attorneys. ECF 186 at 13. Ms. Mendoza's declaration plainly states that "[n]o other law firms in Washington have been willing to even represent us, let alone take the personal and financial risks" that Mr. Tebbutt and Plaintiffs' attorneys have shouldered. *See* ECF No. 184-6 ¶ 11. In the eight years since *Cow*

1   *Palace,* not *one* other Washington law firm, or outside Washington firm for that
2   matter, has taken up a CAFO enforcement action in the state.
3       Defendants also misrepresent the declarations of Messrs. Tebbutt and
4   Marshall in arguing that there are attorneys with a RCRA environmental specialty
5   in the forum who would litigate these cases. *See* Fee Opp. at 13-14. Mr. Tebbutt
6   states that "no other firms in Washington" would agree to this type of enforcement
7   action "*without* the expertise of my firm" also being involved. ECF No. 184-1 ¶ 35
8   (emphasis added). Mr. Marshall similarly declares that no other law firms in
9   Washington, including his own, would take on a RCRA CAFO enforcement action
10  if it didn't involve Tebbutt's firm. ECF No. 184-4. Notably absent from
11  Defendants' submissions are declarations from local firms claiming *they* would
12  agree to represent Plaintiffs on the same terms that counsel does.
13      Finally, Defendants conflate the issue of non-forum rates and Plaintiffs'
14  obligation to support their claimed forum rates. Fee Opp. at 13 (appearing to argue
15  that Plaintiffs' expert witness, Mr. Kampmeier, makes an opinion only as to forum
16  rates). To be clear, Plaintiffs seek non-forum rates for Tebbutt and Snyder based on
17  their experience, skill, and expertise, as Appendix A to ECF No. 184 states
18  (national non-forum rate of $735 and $588/hour, respectively). Mr. Kampmeier, on
19  the other hand, opines that Mr. Tebbutt could achieve a *forum* rate of $640/hour,
20  and Mr. Snyder a forum rate of $512/hour. ECF No. 184-7 ¶¶ 18-19. Mr.

PLFS' REPLY IN SUPP. OF MOT.
FOR FEES AND COSTS (ECF No. 184)                                          - 4

1   Kampmeier also recognizes, in the next sentence, that "Mr. Tebbutt could seek
2   national rates instead of forum rates given the nature and scope of his practice and
3   professional expertise." *Id*. ¶ 18. Mr. Kampmeier's declaration thus supports both
4   the forum and non-forum rates that Plaintiffs' request.

5       ***Second***, in contesting the forum rates sought by Plaintiffs' counsel, Fee Opp.
6   at 14, Defendants rely upon the declaration of Mr. Kevan Montoya, ECF No. 187,
7   an attorney with a small "general practice" that, according to the firm's website,
8   focuses on personal injury matters: "car accidents, personal injury, traumatic brain
9   injury, truck accidents, wrongful death." While Mr. Montoya opines that Plaintiffs'
10  counsel's hourly rates are too high, conspicuously absent from Mr. Montoya's
11  declaration is any indication that he practices complex environmental law in
12  federal court, let alone RCRA citizen suits. Mr. Montoya provides no evidentiary
13  basis for his opinions beyond "occasionally hear[ing] attorneys arguing about issue
14  of fees," "occasionally check[ing] with other attorneys who practice in Yakima
15  County," and looking at "judicial opinions and pleadings in cases in which" he was
16  aware other attorneys had been awarded fees. *Id*. ¶ 3. No data points, reported
17  decisions, representation agreements, or other evidence is provided.

18      Unsurprisingly, Mr. Montoya nakedly opines that Plaintiffs' counsel should
19  be awarded substantially lower hourly rates than requested and lower than this
20  Court's recent awards. ECF No. 184 at 16 (citing a case in which this Court

PLFS' REPLY IN SUPP. OF MOT.
FOR FEES AND COSTS (ECF No. 184)                                              - 5

1  adopted the USAO Attorney's Fees Matrix consistent with rates sought here).

2  Indeed, Mr. Montoya's five-year increment analysis results in lower hourly rates

3  than the Court awarded to Tebbutt, Snyder, and Marshall in the *Cow Palace* fee

4  petition over seven years ago, a case Mr. Montoya has apparently not read.

5      Further undercutting Mr. Montoya's opinions are the hourly rates that

6  Defendants' own attorneys charged. As the Court is aware, Defendants were

7  represented by a host of national law firms, which speaks to the degree of skill,

8  competency, and expertise needed to litigate this matter. Defendants' counsel have

9  provided their rates in response to earlier subpoenas. Second Tebbutt Decl. ¶ 4. As

10 Defendants challenged the reasonableness of Plaintiffs' rates, these rates are now

11 relevant. *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986)

12 ("Defendant's counsel's hourly rate is similarly relevant to a determination of

13 reasonable fees under *Hensley*."). The reported rates are set forth in **Appendix B**

14 hereto and explained further in paragraph 4 of the Second Tebbutt Declaration.

15 Sidley Austin refused to fully comply with the subpoena, but lead counsel Franke

16 Volpe represented that his rate for this case was higher than even the alternative

17 $735/hour national rate that Plaintiffs request for Mr. Tebbutt. Second Tebbutt

18 Decl. ¶ 4. The rates for Messrs. Marten ($890), Volpe ($735+), Fite ($675), Fried

19 ($625), Monahan ($575), Krabill ($575), and Fielding ($575) comport with or even

20 exceed Plaintiffs' requested rates and are *significantly* higher than the speculative

PLFS' REPLY IN SUPP. OF MOT.
FOR FEES AND COSTS (ECF No. 184)                                            - 6

forum rates provided in Mr. Montoya's declaration—where an attorney with 16 years of experience, like Mr. Krabill, should charge just $260-310/hour. ECF No. 187 at 7. Defendants' own rates thus substantially undercut their position about the appropriateness of rates for Plaintiffs' counsel.

*Third*, Defendants provide the Court with the settlement offer made in accordance with the Consent Decree before pursuing this fee litigation. ECF No. 188-1. They ask the Court to "consider" that evidence in evaluating a proper hourly rate. Importantly, those rates were intended to adduce a settlement on fees and costs under FRE 408 and are not the rates that Plaintiffs now seek following consulting with expert witnesses and reviewing recent cases on forum rates. The email Mr. Tebbutt sent to Defendants makes clear that Plaintiffs "reserve the right to amend this documentation should the defendants require a full fee petition to the Court[,]" which Defendants did when they declined Plaintiffs' settlement offer. The Court should not rely upon a settlement offer in an effort to avoid motion practice as evidence for reasonable hourly rates. Fed. R. Evid. 408.

*Fourth*, Defendants make omnibus and conclusory arguments about the first three *Kerr* factors, arguing that this case was not complex but rather a simple, straightforward discovery and document review matter. Fee Opp. at 16. The undersigned are unaware of any "discovery case" that involves veil piercing, ten different defendant shell organizations all sharing finances and the degree to which

they "contribute" to the handling of waste under RCRA, expert reports totaling hundreds of pages, fact and expert depositions, discovery disputes, spoliation of evidence, and failure to adhere to the basic fundamentals of the civil rules (such as arguing that initial disclosures are not required), and extensive on-the-ground investigations. While *Cow Palace* established the legal principle that manure may constitute a solid waste under RCRA, each imminent and substantial endangerment case requires citizen-plaintiffs to satisfy a high burden of proving, *inter alia*, (1) that defendants treated their manure as a wasteful byproduct; (2) that the disposal or discarding of that manure caused and continues to cause environmental damage; and (3) that damage presents an endangerment to human health and the environment. Indeed, had this been a mere "discovery" case, one must wonder why Defendants retained expensive national law firms to defend them.

***Fifth***, Defendants proffer Mr. Stephen—an agronomist and eventual expert witness—to opine about how the Consent Decree duplicates the requirements of Defendants' CAFO permits. ECF No. 189. Nowhere does Mr. Stephen present a specific comparison of the requirements of the Decree versus the CAFO Permit, let alone cite to any specific portion of the CAFO Permit. Instead, Mr. Stephen devotes one page of his declaration to the areas in which he believes the CAFO permit is the same as the Consent Decree. ECF No. 189 at 10-11. Mr. Stephen's once again "hypothetical musings" are vacuous, as shown by Mr. Erickson's

comparison of permit versus Consent Decree requirements. Declaration of David Erickson ("Erickson Decl.") ¶ 7; *see Cmty. Ass'n for Restoration of the Env't v. Cow Palace, Ltd. Liab. Co.*, 80 F. Supp. 3d 1180, 1225 (E.D. Wash. 2015). The Consent Decree obligates Defendants to undertake significantly more work in an accountable manner than what the CAFO Permit requires, and the terms of the Decree are enforceable in this Court and subject to contempt proceedings.

### III. PLAINTIFFS' TIME WAS NEITHER EXCESSIVE NOR UNNECESSARY, NOR WERE PLAINTIFFS' EXPERT COSTS.

The final section of the fee opposition takes issue with three points: that Ms. Loda and Ms. Steiner spent 40.3 and 24.2 hours preparing unfiled summary judgment and *Daubert* motions, respectively; that Ms. Steiner spent a number of time entries researching RCRA liability; and that David Erickson's services were "excessive." Fee Opp. at 17-18.

The fact that Ms. Loda and Ms. Steiner's motions were not filed is irrelevant. The Ninth Circuit has consistently allowed all hours to be awarded even where only some claims were successful, where either the facts or law are in common. *See, e.g., Manhart v. City of Los Angeles*, 652 F.2d 904, 909 (9th Cir. 1981) (awarding fees for all hours spent in pursuit of ultimate goal, despite dismissal of several claims). Those motions were not even unsuccessful; they were merely made moot by the settlement. Given Defendants' pattern of repeatedly impeding settlement efforts,

PLFS' REPLY IN SUPP. OF MOT.
FOR FEES AND COSTS (ECF No. 184)                                                                  - 9

1 which Defendants never contested, Plaintiffs had no choice but to prepare

2 diligently for trial. Second Tebbutt Decl. ¶ 5; *see also* ECF No. 184-1, ¶¶ 19, 29

3 ("First Tebbutt Decl."). In addition, Ms. Steiner's time researching RCRA liability

4 helped secure Mr. DeCoster's ultimate responsibility and was essential to

5 Plaintiffs' prosecution of the case. Second Tebbutt Decl. ¶ 6. That time, too, should

6 be compensated fully.

7       Finally, Plaintiffs have already detailed the indispensable nature of Mr.

8 Erickson's services. *See* First Tebbutt Decl. ¶¶ 47-49. Because of Defendants'

9 cursory challenge, however, Plaintiffs invite the Court to review his expert report.

10 Erickson Decl. Ex. 3. The fact that it was not filed, unlike in *Cow Palace*, is, as

11 with Ms. Loda and Ms. Steiner's motions, irrelevant; it was nonetheless essential

12 to prosecution, trial preparation, and settlement. Second Tebbutt Decl. ¶ 9.

13       For all these reasons, Plaintiffs should be awarded the full fees and costs of

14 $1,800,662 (or higher if out-of-forum rates are awarded) as detailed in **Appendix**

15 **A** hereto, from which $350,000 will be subtracted, as well as any further fees and

16 costs incurred after the date of this filing.

17       Respectfully submitted this 25th Day of October, 2023.

18 /s/ Charles M. Tebbutt
    Charles M. Tebbutt, WSBA #47255
19 Jonathan D. Frohnmayer, *pro hac vice*
    Law Offices of Charles M. Tebbutt
20 3026 NW Esplanade

PLFS' REPLY IN SUPP. OF MOT.
FOR FEES AND COSTS (ECF No. 184)      - 10

1  Seattle, WA 98117
   Tel: (541) 285-3717
2  charlie@tebbuttlaw.com

3  /s/ Daniel C. Snyder
   Daniel C. Snyder, *pro hac vice*
4  PUBLIC JUSTICE
   1620 L Street NW, Suite 630
5  Washington, DC 20036
   Tel: (202) 861-5251
6  dsnyder@publicjustice.net

7  /s/ Andrea K. Rodgers
   ANDREA K. RODGERS
8  WSBA #38683
   Law Offices of Andrea K. Rodgers
9  3026 NW Esplanade
   Seattle, WA 98117
10 andrearodgers42@gmail.com
   Tel: (206) 696-2851
11
   /s/ Toby J. Marshall
12 TOBY J. MARSHALL
   WSBA #32726
13 Terrell Marshall Law Group PLLC
   936 North 34th Street, Suite 300
14 Seattle, Washington 98103-8869
   tmarshall@terrellmarshall.com
15 Tel: (206) 816-6603

16 /s/ Amy van Saun
   AMY VAN SAUN, *pro hac vice*
17 CENTER FOR FOOD SAFETY
   303 Sacramento Street, 2nd Floor
18 San Francisco, CA 94111
   avansaun@centerforfoodsafety.org
19 Tel: (415) 826-2770

20 *Counsel for Plaintiffs*

PLFS' REPLY IN SUPP. OF MOT.
FOR FEES AND COSTS (ECF No. 184)                                              - 11

# CERTIFICATE OF SERVICE

  I hereby certify that on October 25, 2023, I electronically served the foregoing document via email to the following counsel of record:

| | |
|---|---|
| Gary H. Baise | vthedgerow@aol.com |
| Jay Carroll | jcarroll@hnw.law |
| Amy van Saun | avansaun@centerforfoodsafety.org |
| Toby Marshall | tmarshall@terrellmarshall.com |
| Blythe H. Chandler | bchandler@terrellmarshall.com |
| Andrea K. Rodgers | andrearodgers42@gmail.com |
| Daniel C. Snyder | dsnyder@publicjustice.net |

            /s/ Jonathan D. Frohnmayer
            Jonathan D. Frohnmayer
            Law Offices of Charles M. Tebbutt

# Appendix A - Fees and Costs, Supplemental and Total

| Table 1. Supplemental Fee Hours | | |
|---|---|---|
| **Attorney** | **Firm** | **Hours** |
| Charles M. Tebbutt | LOCMT | 32.8 |
| Daniel C. Snyder | PJ | 19.8 |
| Jonathan D. Frohnmayer | LOCMT | 76.6 |
| Andrea Rodgers | LOAKR | 1.0 |
| Amy van Saun | CFS | 4.0 |
| Blythe Chandler | TM | 2.3 |
| **Subtotal** | | **136.5** |
| **Secretary** | **Firm** | **Hours** |
| Marisela Taylor | LOCMT | 0.50 |

| Table 2. Supplemental Costs | |
|---|---|
| **Expert Witness** | **Cost** |
| Dave Erickson/WET | $1,125 |
| **Litigation: Research** | **Cost** |
| Law Offices of CMT | $562 |
| **Subtotal** | **$1,687** |

## Appendix A - Fees and Costs, Supplemental and Total (Cont.)

| Table 3. Total Fees* | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. |
| Attorney | Firm | Years Exp. | USAO Rate 2020-21 | USAO Rate 2023-24 | USAO Rate 2023-24 (Locality Adjusted) | Rate Requested | Alt. Rate Requested (National) | *Laffey* Rate 2023-24 | Hours | Total Due |
| Charles M. Tebbutt | LOCMT | 35 | $665 | $735 | $640 | **$640** | **$735** | $1,057 | 827.5 | $529,600 |
| Daniel C. Snyder | LOCMT/PJ | 13 | $532 | $588 | $512 | **$512** | **$588** | $878 | 606.4 | $310,477 |
| Jonathan D. Frohnmayer | LOCMT | 10 | $452 | $499 | $435 | **$425** | | $777 | 443.6 | $188,530 |
| Parker Jones | LOCMT | 4 | $380 | $420 | $366 | **$330** | | $437 | 1,034.3 | $341,319 |
| Andrea Rodgers | LOAKR | 21 | $621 | $686 | $598 | **$590** | | $1,057 | 13.5 | $7,965 |
| Amy van Saun | CFS | 12 | $532 | $588 | $512 | **$490** | | $878 | 20.6 | $10,094 |
| Jenny Loda | CFS | 11 | $532 | $588 | $512 | **$480** | | $878 | 43.7 | $20,976 |
| Amanda Steiner | TM | 25 | $621 | $686 | $598 | **$590** | | $1,057 | 112.0 | $66,080 |
| Toby Marshall | TM | 21 | $621 | $686 | $598 | **$590** | | $1,057 | 5.8 | $3,422 |
| Blythe Chandler | TM | 13 | $532 | $588 | $512 | **$512** | | $878 | 7.6 | $3,891 |
| Eden B. Nordby | TM | 2 | $333 | $368 | $321 | **$280** | | $437 | 19.4 | $5,432 |
| **Subtotal** | | | | | | | | | **3,134.4** | **$1,487,786** |
| **Paralegal/Secretary** | **Firm** | **Years Exp.** | | | | **Rate Requested** | | ***Laffey* Rate 2023-24** | **Hours** | **Total Due** |
| Bradford Kinsey | TM | 20+ | | | | **$125** | | | 2.7 | $338 |
| Jessica A. Langsted | TM | 6 | | | | **$150** | | $239 | 15.3 | $2,295 |
| Lisa Reed | PJ | 20+ | | | | **$195** | | $239 | 14.3 | $2,789 |
| Marisela Taylor | LOCMT | 20+ | | | | **$150** | | | 12.3 | $1,845 |
| **Subtotal** | | | | | | | | | **44.6** | **$7,266** |
| **Total - Fees** | | | | | | | | | **3,179.0** | **$1,495,052** |

* Column explanations in Paragraph 13 of first Declaration of Charles M. Tebbutt, ECF No. 184-1, apply here. Total Due (Column K) based on Column G rates.

## Appendix A - Fees and Costs, Supplemental and Total (Cont.)

| Table 4. Total Costs | |
|---|---|
| **Expert Witness - Science** | **Total Cost** |
| Dave Erickson/WET | $222,914 |
| Michael Russelle | $22,300 |
| Keeve Nachman | $3,600 |
| **Subtotal** | **$248,814** |
| **Litigation: Court/service, Postage, Printing, PACER, Research, etc. & Consulting** | **Total Cost** |
| Law Offices of CMT | $27,056 |
| Terrell Marshall | $15,816 |
| Paul Kampmeier | $13,924 |
| **Subtotal** | **$56,796** |
| **Total - Costs** | **$305,610** |

| Table 5. Grand Total | |
|---|---|
| **Total - Fees and Costs** | $1,800,662 |
| **Amount Paid Previously** | $350,000 |
| **Total Due Now** | $1,450,662 |

# Appendix B: Defendants' Counsel Hourly Rates

| Attorney | Firm | Bar Admission Year | State | Years of Practice | Year(s) of Rep. of Defs. | Hourly Rate |
|---|---|---|---|---|---|---|
| Brendan Monahan | Stokes Lawrence | 1992 | WA | 31 | 2022-23 | $575 |
| Kent Krabill | Lynn Pinker Hurst | 2007 | TX | 16 | 2019 | $575 |
| Jeremy Fielding | Lynn Pinker Hurst | 2003 | TX | 20 | 2019 | $575 |
| Russell Herman | Lynn Pinker Hurst | 2012 | TX | 11 | 2019 | $410 |
| Michael Kalis | Lynn Pinker Hurst | 2014 | TX | 9 | 2019 | $390 |
| Brad Marten | Marten Law | 1981 | DC | 42 | 2021-22 | $890 |
| Stephen Odell | Marten Law | 1990 | OR | 33 | 2020-21 | $435 |
| Jeff Kray | Marten Law | 1992 | WA | 31 | 2019-22 | $495/$625 |
| Jessica Ferrell | Marten Law | 2005 | WA | 18 | 2021 | $410 |
| Merissa Moeller | Marten Law | 2015 | OR | 8 | 2019 | $315 |
| Alexa Shasteen | Marten Law | 2015 | OR | 8 | 2020 | $315 |
| Michael Smith* | Marten Law | 2023 | OR | <1 | 2020 | $280 |
| Ana Nina | Marten Law | 2021 | WA | 2 | 2021 | $355 |
| Jack Ross | Marten Law | 2020 | WA | 3 | 2021 | $345 |
| Kameron Schroeder* | Marten Law | pending | OR | <1 | 2022 | $405 |
| Zachary Zahner* | Marten Law | pending | DC | <1 | 2022 | $405 |
| Lawson Fite | Marten Law | 2005 | OR | 18 | 2019-22 | $675 |
| Sara Cloon | Marten Law | 2017 | WA | 6 | 2021-22 | $465 |
| Jennifer Hammitt | Marten Law | 2019 | WA | 4 | 2019-20 | $385 |
| Frank Volpe | Sidley Austin | 1998 | DC | 25 | 2022-23 | $735+ |
| Jacquelyn Fradette | Sidley Austin | 2016 | DC | 7 | 2022-23 | - |
| Christopher Eiswerth | Sidley Austin | 2015 | DC | 8 | 2022-23 | - |
| Robin Wechkin | Sidley Austin | 1995 | WA | 28 | 2022-23 | - |
| John Jay Carroll | Halverson NW | 1987 | WA | 36 | 2022-23 | $425 |
| Gary Baise | Olsson Frank | 1974 | DC | 49 | 2022-23 | $375 |
| Stewart Fried | Olsson Frank | 1998 | DC | 25 | 2022-23 | $625 |

* Summer Associate at time