UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT INC., a Washington non-profit corporation; FRIENDS OF TOPPENISH CREEK, a Washington non-profit corporation; CENTER FOR FOOD SAFETY, a Washington, D.C. non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUSTIN JACK DECOSTER, an individual, DECOSTER ENTERPRISES, LLC, a Delaware limited liability company, AGRICULTURAL INVESTMENT-FUND II, LLC, a Delaware limited liability company, IDAHO AGRI INVESTMENTS, LLC, an Idaho limited liability company, IDAHO DAIRY HOLDINGS, LLC, an Idaho limited liability company, DRY CREEK DAIRIES, LLC, an Idaho limited liability company, WASHINGTON AGRI INVESTMENTS, LLC, a Washington | NO. 1:19-CV-3110-TOR<br><br>ORDER RE: ATTORNEYS' AND EXPERT WITNESSES' FEES AND COSTS |

limited liability company, WASHINGTON DAIRY HOLDINGS, LLC, a Washington limited liability company, DBD WASHINGTON, LLC, a Washington limited liability company; and SMD LLC, a Washington limited liability company,

Defendants.

BEFORE THE COURT are Plaintiffs' Motion for Award of Attorneys' and Expert Witnesses' Fees and Costs. ECF No. 184. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

**BACKGROUND**

This case arises out of alleged improper manure management at two dairy facilities known as SMD and DBD. The parties have been engaged in litigation since 2019. On the eve of trial, the parties settled and entered into court-approved Consent Decree. ECF No. 181.

Pursuant to the Consent Decree, Plaintiffs are considered the prevailing party. ECF No. 181 at ¶ 54. If the parties could not come to an agreement as to the amount of attorneys' and expert witness fees and costs, Plaintiffs were allowed to file a motion for an award of attorneys and expert witness fees and costs. *Id.* Because Defendants have already paid $350,000, this amount will be subtracted from the award. *Id.*

In their motion, Plaintiffs move the Court for an award of $1,427,565 (or higher if out-of-forum rates are awarded) in fees and $303,923 in costs for a total of $1,731,488 (or higher) through September 10, 2023. ECF No. 184. Plaintiffs are also requesting "fees on fees" for the time spent after this motion was filed. Plaintiffs now seek lodestar award of $1,495,052 (or higher if out-of-forum rates are awarded) in fees and $305,610 in costs for a total of $1,800,662 (or higher). ECF No. 190-1.

Defendants jointly oppose the requested award and contend that the hourly rates and hours expended are not appropriate, the hourly rates are not consistent with attorneys' hourly rates in this forum and the hours requested are excessive or duplicative. ECF No. 186. Defendants contend the motion should be denied and Plaintiffs should be limited to an award of $350,000 which was already paid. *Id*.

**DISCUSSION**

RCRA contains such a fee-shifting provision, permitting a prevailing party to seek an award of fees and costs:

> The court, in issuing any final order in any action brought pursuant to this section or section 6976 of this title, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate.

42 U.S.C. § 6972(e). Such an award under the statute is not mandatory; however, "the court's discretion to deny a fee award to a prevailing plaintiff is narrow." *St.*

*John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1064 (9th Cir. 2009) (quoting *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68 (1980)). It is "the rule rather than the exception" that fees and costs are awarded to the prevailing party when a statute so permits. *Id.* at 1062 (9th Cir. 2009) (holding that a district court may deny attorney's fees to a prevailing plaintiff under the Clean Water Act—which contains fee-shifting language identical to RCRA—only where "special circumstances" exist).

As stipulated, the parties do not dispute that Plaintiffs are the prevailing parties in this suit; however, the parties greatly disagree as to the extent of any award.

**A. ATTORNEYS' FEES**

In calculating the reasonableness of attorneys' fees, the Ninth Circuit uses the "lodestar" method, which involves multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The calculation of reasonable hours and hourly rate is entrusted to the discretion of the Court. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho*,

523 F.3d at 978.

In determining its fee calculation, the district court must consider the following non-exclusive *Kerr* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter*, 757 F.3d at 868-69 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) [1]); *see Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1264 n.11 (9th Cir. 1987) (noting that the district court need not address every *Kerr* factor). "The factors enunciated by [the Ninth Circuit] in *Kerr* were intended to provide district courts with guidance in making the determination of the number of hours reasonably expended on litigation and the reasonable hourly rate." *Chalmers v.*

---

[1] *Kerr* lists "whether the fee is fixed or contingent" as a factor to consider in setting a fee award, but the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See *City of Burlington v. Dague*, 505 U.S. 557 (1992).

*City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986).[2]

The court must provide a "concise but clear" explanation of its reasons for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 434). Where the Court reduces the requested fees by a significant amount, it should "provide a specific articulation of its reasons for reducing the award." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "The explanation need not be elaborate, but it must be comprehensible. . . . Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (internal citation omitted); *see also Carter*, 757 F.3d at 869 ("[T]he court must articulate with sufficient clarity the manner in which it makes its determination."

---

[2] Although several *Kerr* factors may be relevant to determine whether to adjust a fee award after the initial lodestar calculation, "[t]he Supreme Court has noted . . . that the *Kerr* factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Chalmers*, 796 F.2d at 1212 (citing *Hensley*, 461 U.S. at 434 n.9).

(internal quotation marks omitted)).

Here, Plaintiffs request an award of attorney fees in the total amount of $1,495,052 (or higher if out-of-forum rates are awarded) (before subtracting the $350,000 already paid pursuant to the Consent Decree). Plaintiffs are also requesting any upward adjustment to their lodestar calculation for out-of-forum rates for two attorneys.

The Court—having thoroughly reviewed the itemized billing and affidavits submitted by Plaintiffs' counsel and thoughtfully considered Defendants' objections and submissions—makes the following findings regarding Plaintiffs' proposed fee award.

**1. Reasonableness of Hourly Rates**

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Satisfactory evidence of the prevailing market rate may consist of a plaintiff's attorney's affidavit, other attorneys' affidavits regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980. The district court judge may also rely, in part, on his own knowledge and experience when determining a reasonable hourly rate. *Ingram*, 647 F.3d at 928

("[T]he district court did not abuse its discretion either by relying, in part, on its own knowledge and experience . . . .").

Plaintiffs are requesting outside-forum rates for two attorneys. Specifically, Plaintiffs have requested hourly rates commensurate with rates for attorneys with comparable skill, experience, and reputation in the small national community of federal environmental litigators specializing in CAFO-related matters. ECF No. 184 at 11-20. Plaintiffs contend they were unable to locate local counsel and that "there are no local attorneys with the necessary expertise and specialization in federal environmental law, including how such laws apply to CAFOs, who could or would have successfully represented Plaintiffs in these lawsuits." *Id.* at 13-14.

In support of their request for a departure from the traditional forum rate, Plaintiffs' initial briefing relies on the declaration of Jean Mendoza, the executive director of the Friends of Toppenish Creek. She states that no other law firms in Washington have been willing to even represent us, let alone take the personal and financial risks that Tebbutt Law and the others have shouldered. ECF No. 184-6 at ¶ 11.

Plaintiffs also cite to several *Kerr* factors in support of the outside-forum rates requested. Plaintiffs assert that their requested rates are reasonable based on the time and labor required, the novelty and difficulty of questions involved, the skill requisite to litigate this suit, the preclusion of other employment, and the

contingent nature of the suit.

Defendants contend that the Court should award hourly rates commensurate with rates within the Eastern District of Washington because Plaintiffs have failed to justify departure from the forum rate rule. ECF No. 186. In support of their argument, Defendants rely on declarations of Mr. Montoya and Mr. Carroll. ECF Nos. 187, 188. Defendants contend Plaintiffs should be limited to the hourly rates that these two lawyers have set forth. While these declarations are helpful to the Court, they do not specifically account for the complexity of the federal environmental law, the lack of knowledge by others in the community, and the rates charged by Defendants' attorneys.

When determining the reasonableness of an attorney's proposed hourly rate, the district court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

However, there is a "narrow exception" to this general forum rule. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 907 (9th Cir. 1995). "[R]ates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience,

expertise, or specialization required to handle properly the case.'" *Barjon*, 132 F.3d at 500 (quoting *Gates*, 987 F.2d at 1405). Failure to solicit local counsel is not dispositive; rather, the party requesting rates from outside the local forum bears the burden of proving "either unwillingness *or* inability due to lack of experience, expertise, or specialization." *Id.* at 501.

The Court has fully considered Plaintiffs' evidence and Defendants' evidence and concludes that Plaintiffs' "Rate Request" are the appropriate and reasonable hourly rates for this specialized and complex case. The Court declines Plaintiffs' invitation to apply outside-forum rates to Mr. Tebbutt's and Mr. Snyder's hourly rates.

Accordingly, this Court will apply local forum rates based on the degree of experience, expertise, skill and reputation of the attorneys.

**a. Charlie M. Tebbutt**

This Court finds a reasonable hourly rate for Mr. Tebbutt for this litigation is $640. Mr. Tebbutt's extensive and specialized experience warrants a high rate within this forum. Mr. Tebbutt has served as lead counsel in this case. He has been practicing environmental law for over thirty-five years and works "virtually full time on issues involving federal, state, and international environmental laws." ECF No. 184-1 at 3. During his tenure, he has been involved with well over one hundred citizen enforcement cases in more than twenty-five states. *Id.* Mr.

Tebbutt is highly qualified and this litigation has precluded other employment over the last few years. Mr. Tebbutt represents that his firm had to turn down other potential clients because of limited resources.

Accordingly, based on the novelty and difficulty of the questions involved, the preclusion of other employment, and the experience and ability of Mr. Tebbutt, *see Kerr*, 526 F.2d at 70, this Court finds an hourly rate of $640 is reasonable.

**b. Daniel C. Snyder**

This Court finds a reasonable hourly rate for Mr. Snyder for this litigation is $512. Mr. Snyder is the Senior Attorney in the Environmental Enforcement project at Public Justice. ECF No. 184-2 at 1. Mr. Snyder is a highly experienced environmental attorney with a specialized practice. *Id.*

Accordingly, based on the novelty and difficulty of the issues in this case and the extensive experience and expertise of Mr. Snyder, *see Kerr*, 526 F.2d at 70, this Court finds an hourly rate of $512 is reasonable.

**c. Remaining Attorneys**

This Court has reviewed the hourly rates for the remainder of the attorneys on this case. Defendants have no specific objection to any one of the rates for these attorneys other than to say that the hourly rates are not consistent with attorneys' hourly rates in this forum. Based on the degree of experience, expertise, skill and reputation of the attorneys of these attorneys, the Court

concludes the requested hourly is fair and reasonable.

**d. Paralegal / Secretary**

This Court finds the rate requested for the paralegals and secretaries to be reasonable and appropriate. Defendants have not contested the hourly rate for paralegals and secretaries.

*****

Thus, the Court finds the request rates are reasonable as evidenced by the Court's own knowledge of local rates; the various attorney affidavits submitted; an informal survey of rates awarded in this district; and the specific *Kerr* factors identified.

**2. Reasonableness of Hours Expended**

Plaintiffs represent that they have reasonably incurred thousands of hours on this litigation which spanned over four years. Settlement was accomplished on the eve of trial, so all the necessary work had to be accomplished to either settle or take the case to trial. This was a highly contentious case with extensive discovery and Defendants frequently changed law firms to represent them. The Court will not recount all the twists and turns of the case here.

Defendants generally assert that the number of hours requested are "excessive or duplicative." ECF No. 186 at 3. Defendants provide no argument and do not specify where the hours are duplicative.

When determining the reasonableness of the hours expended, the Court should exclude from its initial lodestar calculation "hours that were not reasonably expended." *Gates*, 987 F.2d at 1397 (quoting *Hensley*, 461 U.S. at 434). This includes hours that are "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley*, 461 U.S. at 434).

The fee applicant bears the initial "burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The party opposing the fee application then "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397–98.

"By and large, the district court should defer to the winning lawyer's professional judgment as to how much time he or she was required to spend on the case." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (brackets omitted) (quoting *Moreno*, 534 F.3d at 1112).

The Court finds Plaintiffs' summarization of time records sufficiently reliable. The Court declines to reduce any hours as insufficiently detailed. Defendants assert duplicative entries, but the Court does not conclude there is any

unnecessary duplication. The Court declines to reduce any hours as improperly duplicative

Defendants have no objection to the paralegal and secretarial work. The Court has reviewed Plaintiffs' request and finds it reasonable and fair.

Accordingly, this Court finds an award of $1,495,052 in fees to be reasonable and fair.

**B. COSTS AND EXPENSES**

Plaintiffs assert they are entitled to recover $305,610 in costs and expenses, comprised of $248,814 in expert fees and $56,796 in other reasonable costs and litigation expenses, such as fees for postage, printing, research, etc.

Defendants generally contend the costs are excessive and that Plaintiffs' expert, Mr. Erickson's fees should be reduced.

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (quoting *Carbonell v. INS*, 429 F.3d 894, 897–98 (9th Cir. 2005)). Pursuant to 28 U.S.C. § 1920, taxable costs—such as docketing fees and certain fees for copies and transcripts—may be recovered by the prevailing party. *Id.* Relevant to this litigation, RCRA allows the prevailing party to recover the costs of litigation,

which include "reasonable attorney and expert witness fees." *See* 42 U.S.C. § 6972(e).

Courts have routinely interpreted "reasonable attorney's fees" to include "reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client." *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006); *see also Grove*, 606 F.3d at 580 ("[W]e have continued to hold that attorneys' fees awards can include reimbursement for out-of-pocket expenses including . . . travel, courier and copying costs."). However, "'reasonable attorney's fees' include litigation expenses only when it is 'the prevailing practice in a given community' for lawyers to bill those costs separately from their hourly rates." *Redland Ins. Co.*, 460 F.3d at 1258 (citing *Missouri v. Jenkins*, 491 U.S. 274, 286–87 (1989)). And only costs which "are typically charged to paying clients by private attorneys" may be recovered as nontaxable litigation costs. *Grove*, 606 F.3d at 580.

**1. Expert Fees**

Plaintiffs request $248,814 for their expert witnesses' fees and costs for Dr. Nachman, Mr. Erickson, and Dr. Russelle. ECF Nos. 184 at 21, 190 at 17. Plaintiffs contend the fees are reasonable for the time invested reviewing and dissecting thousands of pages of discovery, planning and executing Rule 34 inspections, synthesizing data into comprehensive expert reports, analyzing and

responding to Defendants' multiple expert reports, and aiding in settlement. ECF No. 184 at 21.

Defendants ask the Court to significantly lower the costs for Mr. Erickson. ECF No. 186 at 17-18.

This Court finds the expert opinions significantly contributed to the outcome of this case and should be awarded in full. These experts provided critical analytics and expertise in preparation for trial and ultimately concluding in a settlement. Accordingly, the Court grants the expert fees of $248,814 in full.

**2. Other Costs and Expenses**

Plaintiffs also seek an award of $56,796 in remaining costs and expenses. See ECF No. 190 at 17. Defendants provide no specific objection to this request. incurred.

This Court finds the costs and expenses incurred by Plaintiffs for service, postage, printing, legal research, travel, and etc., are adequately detailed and explained and are fully compensable as reasonable out-of-pocket litigation expenses. Accordingly, this Court awards $56,796 in costs and expenses to Plaintiffs.

**C. JOINT AND SEVERAL LIABILITY**

Accordingly, this Court finds the Defendants are jointly and severally liable for the award; discretion remains with Defendants as to how to apportion the fee

and cost award amongst themselves.

**D. CONCLUSION**

Accordingly, the Court awards $1,495,052 in attorneys' fees and $305,610 in costs.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Award of Attorneys' and Expert Witnesses' Fees and Costs, ECF No. 184, is **GRANTED**. Plaintiffs are awarded attorney fees in the amount of $1,495,052 and costs in the amount of $305,610 (before subtracting the $350,000 Consent Decree agreed payment).
2. Defendants are jointly and severally liable for the total of **$1,450,662** in fees and costs to Plaintiffs (this amount accounts for the $350,000 reduction for fees already paid).

The District Court Executive is directed to enter this Order and Judgment accordingly and provide copies to counsel. The file remains closed pursuant to the terms of the Consent Decree. ECF No. 181.

**DATED** December 1, 2023.




THOMAS O. RICE
United States District Judge